## FARMERS' STATE BANK *et al.* v. COX.

No. 3211. Opinion Filed March 24, 1914.

(139 Pac. 952.)

**FRAUDS, STATUTE OF**—Contract for Sale of Land. A contract for the purchase or sale of real estate, not being in writing, comes within the statute of frauds, and cannot be enforced, nor can damages arising from a breach thereof be recovered.

(Syllabus by Harrison, C.)

*Error from County Court, Stephens County;*
*W. H. Admire, Judge.*

Action by J. E. Cox against the Farmers' State Bank and A. S. Bennett. Judgment for plaintiff, and defendants bring error. Reversed.

*H. B. Lockett,* for plaintiffs in error.

*J. B. Wilkinson,* for defendant in error.

Opinion by HARRISON, C.   This was an action for possession of a promissory note for $200 held in escrow by the Farmers' State Bank, the same having been executed by A. S. Bennett and placed in said bank by the plaintiff, J. E. Cox, and A. S. Bennett, against a $200 check executed by John E. Cox as a forfeit in the event of failure of a certain land deal between Cox and Bennett.   The facts disclosed by the record are that Cox contracted to sell Bennett a certain 110-acre tract of land, agreeing to convey a perfect title, for the sum of $2,000.   Cox was to execute a deed to Bennett, and Bennett was to make application for a loan of $1,000, and execute a mortgage therefor on the land in question, and Cox was to assist in procuring the loan in question, the proceeds of which were to be paid to Cox as part payment of the purchase price of the land, and each agreed to put up $200.   Bennett put up the note for $200, and Cox put up his check for a like amount.   The contract failed to go through.   Cox obtained the loan, or had arrangements perfected by which such loan could be obtained, and Bennett refused to carry out his terms of the contract, and Cox demanded the note, which the bank refused to turn over to him, and Bennett refused to consent that it be turned over.   Hence this action for possession of the note.   There was some controversy as to the time in which Cox should have procured the loan and as to the length of time such loan should run; it being contended by Bennett that the basis of the agreement between him and Cox was that Cox should furnish an abstract showing perfect title, that he should furnish it within a given time, and that the loan was to run ten years and be obtained within a certain time, and it being contended by Cox that Bennett had consented to the five-year loan, that the same had been obtained within a reasonable time, and that the title to the premises was good.

The cause was tried in February, 1911, and verdict and judgment rendered for plaintiff for the possession of the note in question. From such judgment defendants appeal; the material propositions presented being that the contract sued upon—that is, the contract upon which plaintiff based his right of possession of the note—being for the sale of real estate, and not being in writing, came within the statute of frauds, and was therefore nonenforceable; also that the court erred in giving certain instructions, and in refusing certain instructions, and that the verdict was contrary to law and evidence. A determination of the validity or enforceability of this contract decides the case. The other errors complained of are therefore immaterial to its decision. The real basis of plaintiff's cause of action was damages arising from the breach of the contract for the purchase and sale of real estate. This contract was altogether in parol, and the controversy over its terms and conditions formed the issues of fact in this case.

It is contended by defendant in error that the contract was not verbal; such contention being based upon the fact that there was a note in writing, and a check in writing, and a deed of conveyance in writing, and an application for a loan in writing, etc., and that, therefore, the contract was not verbal. But none of these instruments disclose any of the terms and conditions of the contract upon which plaintiff's right of recovery rested. The contract for the purchase and sale was that certain things should be done, and done within a certain time, and that a failure to do them would subject the party who failed to comply with the conditions in the contract to the penalties therein provided for—that is, forfeiture of the note or check. There was no writing, nor memorandum, by which the terms and conditions under which the agreement on the part of one to pay and on the part of the other to sell, or the conditions or circumstances under which the forfeiture should be paid to one or the other, can be determined. But the entire agreement is rested in parol, and therefore comes clearly within the statute of frauds (section 1089, Comp. Laws 1909; section 941, Rev. Laws 1910), and under the authority of *Fox v. Easter,* 10 Okla. 527, 62 Pac. 283,

*Grant et al. v. Milam,* 20 Okla. 672, 95 Pac. 424, *Crabtree v. Eufaula Cotton Seed & Oil Co.,* 32 Okla. 465, 122 Pac. 664, *Harris v. Arthur,* 36 Okla. 33, 127 Pac. 695, and *Levy v. Yarbrough,* 41 Okla. 16, 136 Pac. 1120, a parol contract for the purchase or sale of real estate cannot be enforced, nor can damages be recovered for the breach of such contract.

The judgment, therefore, must be reversed.

By the Court: It is so ordered.