## HYDE v. CITY OF ALTUS.

No. 14293—Opinion Filed Sept. 18, 1923.

1. **Frauds, Statute of—Contract Relating to Realty.**

In an action for the recovery of real property, where a plaintiff seeks to recover partly upon a written contract and partly under a contemporaneous parol agreement or understanding, both of which come within the statute of frauds, a recovery cannot be had.

2. **Evidence—Parol Evidence to Vary Deed.**

Where a warranty deed, absolute on its face, has been executed and delivered, which does not contain any reservation of title and no limitation or condition appears there-

in, the grantor cannot introduce parol, contemporaneous evidence to vary the terms of said deed.

### 3. Contracts—Oral Negotiations Superseded by Writing.

The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument.

### 4. Pleading—Exhibits—Writings.

Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint.

### 5. Municipal Corporations — Powers of Agents—Limitations—Contracts.

A municipal corporation can only be bound by its constituted authorities, acting under the statute law regulating municipal corporations, and one who deals with a municipality does so with knowedge of the legal limitations on it or its agents' powers; and, if in contracting with a municipality one goes beyond the limitations imposed, he does so at his peril. Held, that the contract declared upon in the instant case and the oral agreements taken together do not constitute a cause of action, upon which the plaintiff in this action could recover.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Jackson County; George S. March, Judge.

Action by Mary A. Hyde against City of Altus. Judgment for defendant, and plaintiff brings error. Affirmed.

Guy P. Horton and G. E. Thorpe, for plaintiff in error.

L. A. Pelley, City Attorney, and P. K. Morril, Special Counsel, for defendant in error.

Opinion by THOMPSON, C. This action originated in the district court of Jackson county, Okla., between Mary A. Hyde and T. B. Hyde, plaintiffs, versus the City of Altus, a municipal corporation, defendant, by plaintiffs filing their petition on the 10th day of May, 1920.

Thereafter, plaintiffs filed an amended petition on the 6th day of June, 1921, in which they allege, in substance, the following facts, which are necessary to be set out in the opinion in this case:

That they were the owners of lots one and two, in block 30, of the original town of Altus, Okla., and were entitled to the immediate possession thereof; that on June 19, 1917, they made, executed, and delivered to the city of Altus, for and in consideration of the sum of $1,250, their general warranty "deed to said property, which deed is set up as "Exhibit A," said deed containing no reservation of title or limitation on the title, but is an unqualified conveyance from the plaintiffs to the defendant.

The petition further alleges that Mary A. Hyde, who was the owner of the lots in question, made the trade through her husband, T. B. Hyde, as her agent, and that there was a written agreement entered into, on the same day and date, between her agent, T. B. Hyde, and C. C. Hightower, which agreement is attached as an exhibit to the petition, and is in words and figures as follows, to wit:

"This contract and agreement made and entered into this 19th day of June, 1917, by and between T. B. Hyde, party of the first part, and C. C. Hightower, party of the second part.

"Witnesseth: That the first party has this day deeded to the city of Altus, Oklahoma; lots 1 and 2, block 30 original Altus, Oklahoma, for and in consideration of the sum of $1,250 upon the terms and agreements therein mentioned.

"C. C. Hightower is to pay $1,000 cash upon which the deed to said property is to be delivered free and clear of all incumbrances. Now the party of the second part is to pay $84 to the said T. B. Hyde which represents paving tax and 2nd party to pay all of the 1917 tax on property herein mentioned and said party of the second part is also to move the improvements off of said lots to a point within the city limits designated by the first party.

"The nature of this contract is to the effect that the property is being bought for the purpose of a Carnegie Library and should from any cause it would render it impossible to secure the Carnegie Library it is hereby agreed that the property herein described be deeded back to the said T. B. Hyde and money paid is to be returned to C. C. Hightower.

"Signed this 19th day of June, 1917.

"Witnesses:
"C. C. Henry,
"C. S. Highsmith,
"T. B. Hyde,
"First Party;
"C. C. Hightower,
"Second Party."

The petition further alleges that the intention of all the parties was that the lots were being purchased for the purpose of erecting a Carnegie Library thereon; that, in the event of the failure to erect said li-

brary upon said lots, title should be reconveyed to Mary A. Hyde upon the repayment of the consideration paid to T. B. Hyde for her; that the defendant breached the contract for making the erection of the Carnegie Library thereon an impossibility by letting a contract for a city hospital, and that she had tendered $1,336.14 to cover the amount of consideration received by her and interest from date it was received and now tenders into court the sum of $1,500 to cover money paid to plaintiff and interest at ten per cent. thereon from date received; that plaintiff, Mary A. Hyde, denies that she authorized T. B. Hyde to waive her right claimed by her under the contract set up in exhibit "B"; that the defendant was exercising right, title, and ownership of the property and was holding said property without right and as a trespasser and prayed for judgment canceling the deed and that she be declared to be the full, legal, and equitable owner in fee simple of said property and the cloud removed from title and enjoining the defendant, or its assigns, from claiming any right, title, or interest in said property and for her costs.

To the above petition the defendant filed answer, controverting the allegations of plaintiff's petition, and plaintiffs replied thereto.

Plaintiff T. B. Hyde died on the 23rd day of March, 1921, and on the 10th day of May, 1922, defendant filed motion to abate action as to plaintiff T. B. Hyde, as no steps had been taken to revive the action as to him, and the action was dismissed as to plaintiff T. B. Hyde on the 2nd day of October, 1922.

On the 25th day of November, 1922, defendant filed motion for judgment on the pleadings upon the following grounds:

"Because it conclusively appears from the pleadings filed herein that plaintiff as a matter of law, is not entitled to any judgment of the court vacating, canceling or setting aside the certain deed asked to be canceled, set aside, vacated and held for naught herein, and is not entitled to any judgment in her favor, herein quieting title to the property described in plaintiff's petition herein, or removing a cloud therefrom or any injunctive writ of this court containing same."

Which motion was by the court sustained. A motion for new trial was filed by Mary A. Hyde, which was by the court overruled, and final judgment entered on the 25th day of November, 1922, and the cause comes regularly on appeal to this court on transcript of proceedings.

The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the lower court.

There is but one assignment of error presented and argued by attorneys for plaintiffs in their brief, and that is:

"The court erred in his ruling on the motion of defendant for judgment on the pleadings in rendering judgment for defendant on the pleadings."

If the petition of plaintiffs states a cause of action and sets up issues of fact that cannot be settled without evidence being produced and if the petition taken with the exhibits states a legal cause of action, then the court erred in rendering judgment on the pleadings and the court should have permitted the cause to proceed to trial, but, on the other hand, if the allegations of the petition are inconsistent and are at variance with the deed attached thereto as exhibit "A" and the contract, attached thereto as exhibit "B," and the allegations of the petition, as to oral understandings, are in conflict or at variance with the exhibits attached, the exhibits must control and they must be taken and held to be a part of the petition. This principle has been decided by this court in numerous cases. The case of First National Bank of Arkansas City v. Jones, 2 Okla. 353, 57 Pac. 824, decides:

"Where a written instrument is the foundation of a civil action, the original, or a copy thereof, should be filed as an exhibit to the pleading, and in case of variance between the pleading and the exhibit, the exhibit must control. The instrument is held to be a part of the complaint, and a failure to file the original, or a copy thereof, is fatal to the case on demurrer."

And to like effect are the decisions of this court in Long v. Shephard, 35 Okla. 492, 130 Pac. 131; Calman v. Kreipke, 40 Okla. 518, 139 Pac. 698; Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77; Friend v. Southern State Life Ins. Co., 58 Okla. 448, 160 Pac. 457.

The plaintiff in this case, it will be observed, undertakes to declare, first, upon the written contract entered into by and between her husband, T. B. Hyde, and C. C. Hightower, neither of whom had any right, title, or interest in the property in controversy, yet plaintiff, Mary A. Hyde, claims that her husband was acting as her agent and under her authority, granted orally, and it must be kept in mind that the subject of contract was real estate and no written authority was ever given to either T. B. Hyde or C. C. Hightower by either of the parties in interest in this controversy and plaintiff, Mary A. Hyde, after first declaring that

she had the right to have this property reconveyed to her by the city under this written contract, then proceeds to allege that there were oral understandings between the parties at variance with the written contract and repudiates the action of her husband and agent, T. B. Hyde, and asserts rights that do not come within the terms of the written contract, exhibit "B," or the deed, exhibit "A." The deed is absolute upon its face and is the only instrument executed by Mary A. Hyde. It contains no reservation of title, no limitation and no condition, but is absolute upon its face. Nor does the exhibit "B" contain her name in any place, nor does it anywhere by its terms authorize a reconveyance to her of the property upon the failure of any condition mentioned in the contract, but the contract clearly says that in the event of failure to establish a Carnegie Library upon the lands conveyed that C. C. Hightower undertakes that the land shall be reconveyed to T. B. Hyde and it must be further kept in mind that T. B. Hyde, who was one of the original plaintiffs in this action and who had the right under the contract to have the land reconveyed to him, if any such right existed, died on the 23rd day of March, 1921, after this action was commenced and no steps were taken to revive the cause of action after his death until after the expiration of over one year, and on the 10th day of May, 1922, a motion was filed to abate the action as to him and the court dismissed the action as to him on the 2nd day of October, 1922, thereby concluding any right to recover in this case in favor of the plaintiff, T. B. Hyde. Neither T. B. Hyde nor C. C. Hightower, as referred to above, had any written authority from the parties in interest in this action and in our view of the law the contract between them is not binding upon either party in interest under the plain provisions of subdivision 5 of section 5034, Comp. Stat. 1921, which is as follows:

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

And this provision of the statute has been construed, holding:

"An agreement for the sale of real estate is invalid unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or his agent, and such agreement, if made by an agent, is invalid unless the authority of the agent be in writing subscribed by the party sought to be charged." Halsell et al. v. Renfrow, 14 Okla. 674, 78 Pac. 118; Schechinger v. Gault et al., 35 Okla. 416, 130 Pac. 305; Baker v. Haswell & Taylor, 36 Okla. 429, 128 Pac. 1086, Farmers State Bank et al. y. Cox, 41 Okla. 672, 139 Pac. 953.

It is further the opinion of the court that the contract signed by C. C. Hightower is in no way binding upon the defendant, City of Altus, it being a municipal corporation and a municipal corporation can only bind itself under the law by an act of its mayor and council or its constituted authority, signed by the mayor and attested by the city clerk, as provided under articles 10 and 11, regulating cities and towns, as contained in Compiled Statutes of Oklahoma of 1921.

In the case of O'Neil Engineering Co. v. Incorporated Town of Ryan et al., 32 Okla. 738, 124 Pac. 19, this court held:

"Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law; and if they go beyond the limitations imposed they do so at their peril."

And this court further held in the case of Town of New Butler v. Tucker, 54 Okla. 182, 153 Pac. 628, that:

"One who deals with a municipality does so with knowledge of the legal limitations on it or its agents' powers; and, if in contracting with a municipality one goes beyond the limitations imposed, he does so at his peril."

Then, it is our opinion that neither party to this contract declared upon, under the law, had any authority to bind his principal in any matter, and that the agreement is void, and no legal right could accrue to either plaintiffs or defendant in this case and certainly, even under the terms of the contract, the plaintiff, Mary A. Hyde, could not have the land reconveyed to her when by the express terms of the contract it provided that it should be reconveyed to T. B. Hyde and T. B. Hyde's rights, under the contract, were concluded by his death and dismissal of the cause for failure to revive the action as to him.

The deed, being absolute upon its face, executed and delivered by the plaintiff Mary A. Hyde and her husband, T. B. Hyde, to the city of Altus, in the absence of any fraud having been practiced that would nullify the same, cannot be changed, canceled, or set aside on account of claim that there was some parol, previous or contemporaneous agreement in regard to the same, that is not set out and not anywhere expressed in the deed itself.

Comp. Stat. 1921, at section 5035, provides:

"The execution of a contract in writing, whether the law requires it to be written or not. supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument"

And this court has held uniformly, in a long line of decisions, that parol, contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument.

Therefore, the allegations of plaintiffs' petition, which undertakes to set up oral agreements, understandings, or intentions with C. C. Hightower, or the committee respecting the Federated Clubs, concerning the deed or contract relating to the subject-matter of this action of her oral instructions to her husband and agent, T. B. Hyde, cannot be made the basis of any recovery by her of the title to the property in controversy here.

It is not within the province of this court, in an action of this character, to enlarge upon the negotiations between, or complete a contract for, the parties, nor to give power and authority to agents or representatives that is not authorized under the law, and we are, therefore, of the opinion, in view of the reasoning herein set forth in this opinion, that the allegations of plaintiffs' petition fail to state a cause of action for the recovery of the two lots in question as disclosed by the written contract and deed set up by plaintiffs as exhibits to their petition in this cause, under the alleged oral agreements and understandings and conditions.

The judgment of the court in sustaining motion for judgment on the pleadings, we think, is correct and the same should be, and is, hereby affirmed.

By the Court: It is so ordered.