## TAYLOR v. WALKER.

No. 15396—Opinion Filed June 16, 1925.

Rehearing Denied Sept. 22, 1925.

1. **Frauds, Statute of—Inapplicable Where Contract Performed Except Payment of Money.**

The provisions of the statute of frauds or of uses and trusts have no application where the agreement has been completely performed as to the part thereof which comes within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing. Logan v. Brown, 20 Okla. 334, 95 Pac. 441.

2. **Money Received—Right of Action.**

An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain. Cleveland et al. v. Mascho et al., 95 Okla. 22, 222 Pac. 1008.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by Harry W. Walker against J. Luther Taylor. Judgment for plaintiff, and defendant appeals. Affirmed.

T. M. Robinson, for plaintiff in error.

Arthur Leach, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Beckham county, Okla., by the defendant in error, Walker, as plaintiff, against the plaintiff in error, Taylor, as defendant, to recover the sum of $1,600, money had and received by the defendant, Taylor, which the plaintiff, Walker, claimed to be the owner of and entitled to same. The facts, as disclosed by the record, show that Mr. Taylor was a resident of Kansas, and owned a tract of land containing 160 acres in Beckham county, Okla., which he desired to lease for oil and gas; that he had listed same with H. M. Thomas, broker and real estate agent of Sayre, Okla., and that, in the latter part of 1922, Thomas had an offer from Walker, the appellee herein, of $50 an acre or $8,000 for an oil and gas lease on said lands, and so notified the appellant, Taylor. After some considerable correspondence, running through January and February, 1923, concerning the transaction, and relative to the perfection of title to the lands leased, the lease was finally consummated. During the time that these negotiations were in progress, Walker resold the lease to the Skelly Oil Company of Tulsa, for $60 per acre, or $9,600 making a profit in the transaction of $1,600, and it seems that Thomas, the agent, notified the appellant, Taylor, of this fact and requested that he execute the lease direct to the Skelly Oil Company. and the consideration expressed in the lease was $9,600. This fact is established by a letter of January 12th, from Taylor to Thomas, a portion of which is as follows:

"I am just in receipt of your letter of the 10th, enclosing a lease for oil and gas (describing the land). I note that you made the lease for $9,600.00, that certainly gives Mr. Walker a nice little commission on this deal."

And on January 17th Mr. Taylor wrote to Mr. Thomas as follows:

"I am not going to get away tomorrow as I expected to, so as to reach Sayre on Saturday. I have had the flu and I am not over it, and I fear the trip would be dangerous for me to take at this time. So I shall expect a wire on Saturday telling me to make draft for $8,000.00 with lease attached. Kindly arrange this for me and very much oblige." etc.

On account of certain requirements concerning the title made by the Skelly Oil Company, the deal was not closed until in February, at which time Mr. Taylor came to Sayre, and in company with Thomas, his agent, and Mr. Walker, drove out into the country and secured affidavits necessary to

perfect title according to the requirements made by the Skelly Oil Company. Taylor had formerly sent the lease to the bank at Sayre, but on this occasion, after having secured all of the affidavits and papers necessary to conform to the requirements made by the Skelly Oil Company concerning the title, secured the lease from the bank and went to Tulsa, where he delivered same to the Skelly Oil Company, and induced said company to pay him the consideration promised to Walker, the appellee, of $9,600. He subsequently mailed a check to his agent, Mr. Thomas, for 5 per cent. of the amount collected, which was refused by Thomas and returned to Taylor, calling his attention to the fact that Thomas was only entitled to 5 per cent. of $8 000, the consideration for which the lease was to be made to Walker. Taylor then mailed a check to Thomas for 5 per cent. of $8,000, or $400, which was received and accepted by Thomas as his commission due him from Taylor. Taylor refused to pay Walker any amount, and this suit is brought by Walker to recover the $1,600 collected by Taylor, which was Walker's profit in the transaction.

Upon the trial of the case to the court, without the intervention of a jury, judgment was rendered in favor of the plaintiff, Walker, for the amount sued for; motion for a new trial was filed and duly overruled, from which order and judgment of the trial court the appellant prosecutes this appeal, and sets forth various specifications of error, but urges only three of the specifications of error, viz., error of the court in overruling the motion for a new trial, in overruling the demurrer to the petition, and in admitting evidence on the part of the plaintiff over the objections of the defendant in the trial court, and presents all three of these objections jointly, and upon the theory that the plaintiff based his cause of action upon a contract for the sale of real estate, and that same is barred by the statute of frauds, and cites the case of Farmers State Bank et al. v. Cox, 41 Okla. 672, 139 Pac. 953, which announces the rule that:

"A contract for the purchase or sale of real estate, not being in writing, comes within the statute of frauds, and cannot be enforced, nor can damages arising from a breach thereof be recovered"

—and cites many other authorities in support of this well-established rule; but in our judgment this rule of law has no application to the facts as disclosed by this record. In the case at bar' it is true that the original contract between Taylor and his agent,

Thomas, and the purchaser, whoever he may have been, of the oil and gas lease, was a contract concerning an interest in real estate, and would come within the statute of frauds but for the fact that it had been entirely consummated, the lease was duly executed and delivered, the consideration paid, and it became an executed contract, and is in no wise subject to the statute of frauds. This suit of Walker's against Taylor, while growing out of and incident to the transaction had, is not a suit for specific performance based on a sale of real estate, or any interest therein, or for damages growing out of such a contract, but is an action for money had and received by the defendant, Taylor, which Walker was entitled to according to his contention, with which we agree.

In Cleveland et al. v. Mascho et al., 95 Okla. 22, 222 Pac. 1008, it is said:

"An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain."

Logan v. Brown, 20 Okla. 334, 95 Pac. 441, holds:

"The provisions of the statute of frauds or of uses and trusts have no application where the agreement has been completely performed as to the part thereof which comes within the statute, and the part remaining to be performed is merely a payment of the money, the promise to do which is not required to be in writing."

There is some conflict in the evidence. The appellant, Taylor, contends that the sale was made by his agent, Thomas, direct to the Skelly Oil Company, and that the appellee, Walker, and his agent, Thomas, entered into a conspiracy to defraud him, and that Walker was not a prospective purchaser, and had no intention of purchasing the oil and gas lease for himself at any time, but there is no direct or positive proof substantiating this contention. The letters offered in evidence from Taylor tend to prove, in fact, an admission that he had agreed to take $8,000 for the oil and gas lease; the agent, Thomas, testified that Walker was the purchaser and that he had been negotiating the sale of the oil and gas lease with Walker for sometime before he heard of the Skelly Oil Company being interested in the deal. Walker testified that he was buying the lease for himself, and was willing, ready, and able to pay the consideration of $8,000 at any time during the pendency of the negotiation, and that he sold the lease to the Skelly Oil Company through Mr. Denton, who was the representative of

the Skelly Oil Company in Beckham county, and in order to avoid additional expense of executing and recording an additional lease, suggested to Mr. Thomas that the lease might be made direct to the Skelly Oil Company. Mr. Denton, the representative of the Skelly Oil Company, corroborated this evidence, testifying that he bought the lease direct from Walker, and not from Thomas, the agent of Taylor, and a long line of authorities in this state hold that:

"When a cause is tried by a court without the intervention of a jury, and the finding of the court is general, such finding is the finding of each special thing necessary to sustain the general finding, and when there is evidence reasonably tending to support such general finding it is conclusive upon all doubtful and disputed questions of fact."

Jackson v. Bates, 69 Okla. 141, 170 Pac. 897; Deskins v. Rogers 72 Okla. 274, 180 Pac. 691. This rule, coupled with the well known rule that where there is evidence reasonably tending to support the verdict of the jury or judgment of the trial court, the same will not be disturbed on appeal, clearly sustains the judgment of the court, here complained of, and same should be affirmed.

By the Court : It is so ordered.

Note.—See under (1) 27 C. J. p. 351. (2) 27 Cyc. p. 849.