## HAUBERT v. NAVAJO REFINING CO.

No. 17525. Opinion Filed Feb. 14, 1928.

(Syllabus.)

**1. Trial—Demurrer to Evidence—Sufficiency of Plaintiff's Evidence.**

A demurrer to the evidence admits all the facts which the evidence reasonably tends to establish and all the inferences and conclusions which may reasonably be drawn therefrom, and where on the trial of a case the plaintiff proves facts sufficient to entitle him to recover, it is not reversible error for the trial court to overrule a demurrer to the evidence.

**2. Estoppel—Basis of Doctrine.**

The doctrine of estoppel is not intended to work a positive gain to a party; its office is to protect a party from a loss which, but for the estoppel, he could not escape.

**3. Appeal and Error—Judgment not Reversed for Refusal to Instruct on Defense not Supported by Sufficient Evidence.**

A judgment will not be reversed upon appeal for failure of trial court to give certain requested instructions upon a theory of defense, where the evidence thereon appears insufficient, as a matter of law, to raise such issue or to sustain such defense had it been submitted to the jury.

**4. Same—Judgment Sustained by Evidence not Disturbed.**

Where the evidence reasonably tends to support the verdict and judgment of the trial court, and the instructions fairly state the law governing the issues raised, the judgment will not be disturbed by this court on appeal.

**5. Same—Judgment Sustained.**

Record examined: held, to support the judgment of the trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by the Navajo Refining Company against J. H. Haubert to recover excess payments for natural gas furnished. Judgment for plaintiff, and defendant appeals. Affirmed.

C. F. Chapman, for plaintiff in error.

Thrift & Davenport, for defendant in error.

LEACH, C. This is an action by the Navajo Refining Company, as plaintiff, against J. H. Haubert to recover $587.74, alleged to be due plaintiff for excess or overpayments for natural gas furnished by defendant from September 23rd to January 1st; plaintiff asserting that the overpayments arose in figuring the monthly meter readings on the gas furnished. Defendant entered a general denial in the cause, admitted the payments, and alleged that the measuring, estimating, and determining the amount of gas used was particularly within the knowledge of plaintiff, and that it had in its possession and control all the means of determining, estimating, and measuring the gas used; that by mutual consent of the parties the plaintiff assumed responsibility of measuring and determining the amount of gas used; that the payments therefor were voluntarily made on its own estimates; that by reason of such agreement defendant made no effort to measure and determine the amount of gas used and is now without means of

disproving any claim or proof of plaintiff; that by reason of such facts and agreement defendant has been prejudiced and plaintiff is estopped from asserting any mistake or overpayment; that defendant was compelled and did pay royalties in the sum of $80 to the owners of the land from which the gas was produced, and also paid gross production tax in the sum of $10, such royalties and tax being made and based upon the estimates and payments made by plaintiff to defendant, and the same cannot be recovered; that defendant would not have sold gas under the facts as alleged by plaintiff.

Under cross-petition defendant sought to recover certain sums alleged to be due him by plaintiff for gas furnished and sold during January and February and remaining unpaid.

Upon trial of the cause a verdict was returned in favor of plaintiff for $546.78. Upon motion for new trial the court required a remittitur of $81 to cover the amount of gross production tax and royalties paid by defendant, and thereupon overruled the motion for new trial.

Defendant appeals, and the parties will be referred to herein as they appeared in the trial court.

The assignments of error and argument thereon are presented under two heads, the first being: "Error in overruling the demurrer of defendant to plaintiff's evidence and in refusing a peremptory instruction for defendant." Under this head, defendant says:

"The reason we insist upon the demurrer is: The plaintiff's evidence affirmatively shows, assuming that a mistake was made as alleged, that the defendant had irrevocably changed his position by reason of the payments of the plaintiff and it was unjust, inequitable, and unconscionable for the plaintiff to recover."

Plaintiff's evidence in chief reasonably tended to support its petition, showing that it began purchasing gas from defendant September 23rd; that neither of the parties was compelled to purchase or furnish gas in any specific amount or for any fixed period of time; that its employee made an error in the reading of the gas meter through which the gas was registered; that in computing the amount of gas furnished and used an error in the amount was made by adding three cyphers to the figures shown on the dial of the meter when only two should have been added, thereby in-

creasing the volume tenfold, and increasing the payments likewise; that plaintiff thought something was wrong and had the meter tested and dug up some of the gas line, but was unable to locate the trouble until about February 1st, when it discovered that the error was made by its employee in the reading of the meter; thereupon plaintiff declined to pay the January and February bill and demanded refund for the alleged overpayment.

We are unable to see in plaintiff's evidence where it is shown that the defendant had in any manner changed his position or had been prejudiced by the error of plaintiff in reading the meter; the evidence does not show any valid reason why the plaintiff should not be entitled to recover at the close of its evidence in chief.

Defendant in his own brief refers to the rule stated in 21 R. C. L. 164, which is as follows:

"Where money is paid to another under the influence of a mistake, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, and the money would not have been paid had it been known to the payor that the fact was otherwise, it can be recovered back. The ground upon which the rule rests is that money paid through misapprehension of fact in equity and good conscience belongs to the party paying it."

"An action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience had no right to retain." Avery v. Abraham, 114 Okla. 101, 243 Pac. 728; Taylor v. Walker, 112 Okla. 75, 239 Pac. 601.

"Money paid for electricity as result of overreading the meter was recoverable as paid under mistake of fact, whether meter was read by consumer's or defendant's agent." Home Co. v. City of Macon (Mo. App.) 262 S. W. 56.

"When the evidence introduced by plaintiff in the trial court is sufficient to make out a prima facie case in favor of the plaintiff and against the defendant, it is not error for the trial court to overrule a demurrer to the evidence.

"It is only when the evidence, with all the inferences that the jury can reasonably draw therefrom, is insufficient to support a verdict, that the court is authorized to direct a verdict for the defendant." Keaton v. Taylor. 114 Okla. 167, 245 Pac. 56. See, also, Mills v. Williams, 87 Okla. 189, 209 Pac. 771; New v. Stout, 98 Okla. 177, 224 Pac. 519.

At the close of plaintiff's evidence and at the time the demurrer thereto was inter-

posed. the evidence did not establish defendant's defense, and was sufficient to withstand demurrer; the court committed no error in overruling defendant's demurrer.

Under the first head it is further urged by defendant that he pleaded an estoppel, and he contends that he comes within the rule:

"The rule that money paid under mistake of fact may be recovered back does not apply where the payment caused such a change in the position of the other party that it would be unjust and inequitable to require him to refund" (21 R. C. L. 170), and cannot be put in statu quo by the payor (27 Cyc. 874).

It is contended that the defendant would not have sold the gas for the amount which plaintiff now contends is due for the same; that he paid out certain royalties and gross production taxes, by reason of which facts he has altered his position, and therefore it would be unjust to require him to refund the excess, if any. The case of Royal Electric Co. v. Davis, 9 Quebec Offical Reports, 455, and Bend v. Hoyt, 10 U. S. (Law Ed. 154), are cited by defendant in support of this contention. While the cases cited contain statements by the court supporting to some extent the theory of defendant here, yet the facts are dissimilar and the cases are not decisive of the one before us.

It is true the defendant stated he could not have afforded to furnish the gas for the sum which plaintiff now contends was actually due therefor, but we think such statement is not borne out by the record as a whole. There is no contention that defendant did not receive the price agreed upon for the gas; that such price was inadequate, no specific amount was contracted to be sold or bought, and it was shown that he previously furnished and sold gas in lesser quantities to a former operator of the refinery. It does not appear defendant incurred any extra or unnecessary expense in the furnishing of the gas, since the line had been previously laid. Seemingly, the only extent to which the defendant had altered his position or had in any manner been damaged through the error in estimating the gas was that he had paid certain royalties and taxes; to that extent alone does it appear he had been prejudiced. It is said in 10 R. C. L. 697, referring to estoppel:

"Its whole office is to protect him from a loss which, but for the estoppel, he could not escape. Consequently, the estoppel should be limited to which may be necessary to put the parties in the same relative position which they would have occupied if the predicate of the estoppel had never existed."

Estoppel is a rule of equity, and it was never intended to work a positive gain to a party.

It does not appear. nor is it contended, that the error, if any, upon the reading of the meter was made or done intentionally by plaintiff to mislead or injure the defendant. There arose an issue under the evidence as to whether the payments for gas were made on a basis of meter readings or upon an estimate of the crude oil refined, but the jury apparently decided the payments were made upon the meter readings. The defendant here should not be permitted to retain the excess payments, as found by the jury, and shield himself behind the plea of estoppel, except to the extent the rule or doctrine of estoppel protects him from any damage or loss.

The trial court directed a remittitur from the amount of the verdict to cover the sum paid out by the defendant under the excess payments received by him, and it appears when that was done he was protected. Neither the pleadings nor the evidence of the defendant, in our view, shows him entitled to the benefits of an estoppel further than to protect him from the royalties and taxes paid on the excess sums received for gas.

The second assignment and argument is "Error of the court in giving and in refusing certain instructions."

The principal complaint against the instructions given appears to be that the court failed to instruct upon and submit the question of estoppel to the jury. The defendant offered three instructions, one of which was given and appears to relate to the claim and defense that the estimates and payments were not based upon meter readings, but upon the amount of oil refined. The other two instructions offered principally relate to the question of estoppel, and direct the jury that if they find that the payments made by plaintiff were based upon the estimates made by the plaintiff, and the payments were accepted by defendant in good faith and he relied thereon and was prejudiced thereby, relying thereon, and paid out royalties and taxes, or made any other irrevocable change in his position to his prejudice,

then plaintiff would be estopped and could not recover.

It is urged by defendant that he is prejudiced by the acts of plaintiff in that he is unable to produce evidence and deny the plaintiff's claim; that he could not afford to furnish plaintiff gas for the amount which it claims to be due for such gas; that such issue and claim of defendant should have been submitted to the jury. The record discloses that defendant produced witnesses, former employees of plaintiff, who testified that the estimates upon the amount of gas used were made upon a basis of the amount of oil refined and not from meter readings. However, upon that particular issue it appears the jury decided adversely to the contention of defendant. It appears that the same class of testimony was produced and available to defendant as would have been had the action arisen upon the first or second month's payments. There is no claim that the gas was sold for an inadequate price or that the defendant was induced to sell the gas at an inadequate price upon any agreement to purchase any particular amount. We are aware that there might arise a state of facts which would prevent the right of recovery upon a claim arising under a case of this class. However, it appears the plaintiff here was acting in good faith, diligently, the claim not being a stale one, and the evidence does not show such a state of facts as would preclude plaintiff from showing the mistake.

From all the facts in the case the proof and equities do not appear to be such as to warrant the court in submitting the plea of estoppel to the jury or in permitting defendant to set up such plea and defense as against recovery on the entire sum and thereby avoid recovery and payment of the entire amount alleged, and found by the jury to be due. There appears to have been no dispute on the question of the amount of royalty and tax paid by defendant, that such amounts were a matter of calculation based upon the amount of overpayments, and such amount could be arrived at by the court as well as by the jury, and the court having directed a remittitur for such royalties and taxes paid by defendant before entering judgment on the verdict, defendant was not prejudiced and his rights were preserved.

The instructions as a whole fairly present the issues raised by the pleadings and the evidence. The verdict and judgment of the court appear to be reasonably supported by the evidence, and finding no error affecting the substantial rights of the defendant, the judgment is affirmed.

BENNETT, TEEHEE, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 1543, 1548; 26 R. C. L. p. 1062. (2) 21 C. J. p. 1118, §120; 10 R. C. L. p. 675; 2 R. C. L. Supp. 1033. (3) 38 Cyc. p. 1619. (4) 4 C. J. p. 853, §2834; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (5) 4 C. J. p. 1130, §3122.