## RUSSELL et al. v. BEUTELSCHIES et al.

No. 26538.   Feb. 18, 1936.

Rehearing Denied March 17, 1936.

E. F. Maley, for plaintiff in error.

Varner & Varner, for defendants in error.

PER CURIAM. The parties appear here as they appeared in the trial court and will be referred to in this opinion as plaintiffs and defendants.

On the 20th day of August, 1934, plaintiffs filed their petition alleging that they are operators of a mine; that the defendants contracted with the Fort Smith & Western Railway Company to switch coal from the mine of plaintiffs on a spur to the tracks of the railway company; that the defendants were paid $5 per car for this service by the railway company; that during a period from and including the 1st day of August, 1929, to and including the 31st day of March, 1932, the defendants charged the plaintiffs 10 cents per ton for each ton of coal so shipped. Such charge was illegal and a fraud upon the part of the defendants against the plaintiffs. They seek to recover the sum of $5,204.30 on the basis that defendants, having been paid by the Fort Smith & Western Railway Company, had no right to charge these plaintiffs. Plaintiffs then state:

"Further alleging, plaintiffs state that during said period these defendants knew that no legal charge could be made against these plaintiffs for switching their coal so loaded for shipment into railroad cars originating at the mine of plaintiff's, on the aforesaid spur, and that defendants further knew that all such expenses of switching was included in the freight rate which amount was received by the Ft. Smith & Western Railway Company, on every car handled by it, and shipped by these plaintiffs.

"That through such mistake of fact, said fraudulent misrepresentations of defendants, to these plaintiffs, aforesaid alleged, which plaintiffs believed to be true, and upon which they relied, these plaintiffs paid to defendants for such switching, as aforesaid, the sum of $5,204.30.

"Further alleging, these plaintiffs did not discover that the Ft. Smith & Western Railway Company paid to defendants for such switching of coal so loaded for shipment by plaintiffs, during said period, as aforesaid, until the early part of the year 1933; and did not discover they were under no legal obligations to pay defendants for such switching of plaintiff's coal, and did not discover that such representations of defendants were fraudulent, as aforesaid, until the early part of the year 1933; and upon discovering that such payments were so made under mistake of fact, and were unwarranted and illegal, and upon the fraudulent demands of defendants, these plaintiffs demanded the return of same, which was refused."

A motion to make more definite and certain was filed to the petition and overruled. Defendants demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained this demurrer, from which order the appeal is taken.

In the brief of the plaintiffs, at page 18, it is stated:

"The basis of this action, as hereinabove stated, is the representations of the defendants that unless the switching charge which they assessed and arbitrarily fixed at $.10 cents per ton was paid by plaintiffs, that no coal loaded by the plaintiffs in error would be handled or switched. And further, concealment of material facts, being that the Ft. Smith & Western Railway Company were paying the defendants at the rate of $5 per car for such switching. It was the legal duty, bounden upon the defendants, to have informed the plaintiffs that it had contracted with the Ft. Smith & Western Railway Company, regarding such switching, and the compensation which the carrier was paying them. But, on the contrary, by their conduct, the defendants indicated that no such arrangement had been made. Plaintiffs had no opportunity to ascertain that a contractual relationship existed between the defendants in error and the Ft. Smith & Western Railway Company. This relationship was wholly within the knowledge of the defendants."

They cite in support of this rule Brookshire v. Burkhart et al., 141 Okla. 1, 283 P. 571. That was an action by John Brookshire et al. for conspiring to cause the death of Nettie Cole Brookshire, and the court held that the cause of action was not barred until after the finding and knowledge of the conspiracy of the plaintiff, and is not in point in an action of this nature.

The liability arises out of the wrongful exaction from the shipper. Lewis-Simas-Jones Co. v. Southern Pacific Co., 75 L. Ed. 1333, 283 U. S. 654; Louisville v. Nashville Ry. Co. v. Sloss-Sheffield Steel & Iron Co., 70 L. Ed. 242, 269 U. S. 217; Adams et al.

v. Mills, Director General, 286 U. S. 397, 76 L. Ed. 1184.

The latter case was an action for the recovery of an illegal charge of $.25 per car made by the agents of the railway company as expenses incidental to the unloading of live stock. Therein the Supreme Court said:

"The plaintiffs were the consignees of the shipments and entitled to possession of them upon payment of the lawful charges. If the defendants exacted from them an unlawful charge, the exaction was a tort, for which the plaintiffs were entitled, as for other torts, to compensation from the wrongdoer. Acceptance of the shipments would have rendered them personally liable to the carriers if the merchandise had been delivered without payment of the full amount lawfully due. New York C. & H. R. Co. v. York & W. Co., 256 U. S. 406-408, 65 L. Ed. 1016, 1020, 41 S. Ct. 509. Compare Union P. R. Co. v. American Smelting & Ref. Co., 121 C. C. A. 182, 202 Fed. 720, 723. As they would have been liable for an undercharge, they may recover for an overcharge. In contemplation of law the claim for damages arose at the time the extra charge was paid. See Southern P. Co. v. Darnell-Taenzer Lumber Co., 245 U. S. 531, 534, 62 L. Ed. 451, 455, P. U. R. 1918B, 598, 38 S. Ct. 186."

Under these cases, the action of the defendants, if it constitutes anything, is an overcharge or an illegal charge for services of the agents of the Ft. Smith & Western Railway Company, and the right of action arose when the charge was made.

In the brief of plaintiffs in error it is stated that it was the duty of the defendants to divulge to the plaintiffs the fact that they were obtaining payment from the Ft. Smith & Western Railway Company, and that the failure to disclose such fact is a fraud for which a cause of action exists in favor of these plaintiffs from and after the discovery of such fraud. No authorities are cited to support this rule and argument, and we can see no greater reason for defendants to assume this duty than for any other agent or carrier to assume such a duty. No case has been called to our attention in which such a principle is announced. Several cases are relied upon by the plaintiffs under the general rule that action will lie to recover a sum certain whenever one has the money of another which he in equity and good conscience has no right to retain. Cleveland et al. v. Mascho et al., 95 Okla. 22, 222 P. 1008; Taylor v. Walker, 112 Okla. 75, 239 P. 601; Haubert v. Navajo Ref. Co., 129 Okla. 195, 264 P. 151.

These cases do not involve the question of fraudulent misrepresentations or the statute of limitations.

It is admitted by both the plaintiffs and the defendants that the argument was presented at the trial court, and that the decision of the court was made upon the theory that the statute of limitation had run against the action. It is not necessary, therefore, to say more than that the matter was properly presented by such demurrer, under the rule announced by this court that where a petition shows clearly upon its face that more than the statutory period of limitation has elapsed, and there is no allegation in the petition which takes the cause out of the operation, a general demurrer is sufficient to raise the question. M., K. & T. Ry. Co. v. Wilcox, 32 Okla. 51, 121 P. 656; Martin v. Gassert, 40 Okla. 608, 139 P. 1141; Froage v. Webb, 65 Okla. 149, 165 P. 150; Raymer et al. v. Comley Lbr. Co., 169 Okla. 576, 38 P. (2d) 8.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.