Joe **FINER** and Harry Guterman,
Plaintiffs in Error,

v.

**LOEFFLER–GREEN SUPPLY COMPANY,**
Defendant in Error.

No. 43057.

Supreme Court of Oklahoma.

July 15, 1969.

Green, Feldman & Hall, W. E. Green and Raymond G. Feldman, Wm. S. Hall, Tulsa, Doris M. Toll, Tulsa, of counsel, for plaintiffs in error.

Doerner, Stuart, Moreland, Saunders & Daniel, R. Dobie Langenkamp, Harry L. Seay III, Tulsa, for defendant in error.

WILLIAMS, Justice.

The sole issue presented in this appeal is whether a written contract relating to the sale of real property and thus within the statute of frauds, 15 O.S.1961, § 136, may be amended by a subsequent executed oral agreement.

Plaintiff below, defendant in error herein, and defendants executed a written contract in October, 1960, by which plaintiff agreed to sell and defendants agreed to buy certain described property and a warehouse located thereon in the City of Tulsa. This sale was to be closed on or before December 15, 1960.

Prior to the closing, a survey of the property was made which disclosed that a small portion of the warehouse encroached upon the adjacent railroad right of way owned by the Missouri-Kansas-Texas Railroad Co. ("M-K-T"). Upon discovery of the encroachment, the parties to the sale entered into further negotiations which resulted in the execution of a second written contract on December 15, 1960, the date of closing. This latter contract provided that the seller, plaintiff herein, was to make every reasonable effort to acquire in the name of the buyers the property on which the warehouse encroached, and further provided, in paragraph three thereof, as follows:

"In the event that Seller is unable to acquire said land on or before the expiration of four (4) years from the date of the conveyance to the Buyer of the properties described in the original contract of sale, then it is agreed between the parties that the Seller, without the necessity of the execution of any further instruments by either of the parties

hereto, will automatically forgive and waive the necessity of the Buyer paying the last $6,000.00 due and owing on the second mortgage obligation to be executed by the Buyer in favor of the Seller as part of the purchase price of said properties, thus reducing the total obligation owed under said second mortgage by the sum of $6,000.00."

Plaintiff never did acquire for defendants fee simple title of the land encroached upon, and defendants, relying on the above quoted language of paragraph three of the December 15, 1960, contract, refused to pay the last $6,000.00 due on the second mortgage held by plaintiff.

Subsequent to defendants' refusal to pay the $6,000.00 sum, plaintiff instituted this action below to recover judgment for that sum. In its petition, plaintiff alleged that subsequent to December 15, 1960, defendants orally agreed to accept from plaintiff, if such could be obtained from the M-K-T, a long-term lease on the encroached area for the life of the warehouse in lieu of fee simple title; to consider the obtaining of such lease to have met the requirements of paragraph three of the December 15th agreement; and, if the lease were obtained, to pay the entire amount of the second mortgage held by plaintiff without the deduction of the $6,000. Plaintiff further alleged that two of its officers had secured from the M-K-T, in April, 1961, a twenty-year lease with two ten-year renewal options on the encroached area and that defendants executed this lease in May, 1961.

Defendants denied the existence of any such oral agreement modifying the written contracts previously entered into by the parties.

At jury trial, Frank Loeffler, Jr., an officer of plaintiff at the time in question herein, testified that when it became apparent that plaintiff could not acquire title from the M-K-T to the encroached area, he went to Tulsa to discuss the problem with defendants. He stated that at

this meeting, in early April, 1961, defendants orally agreed to accept a long-term lease for the life of the warehouse, which he testified was 40 years, in lieu of fee simple title to the encroached area. Loeffler further testified that shortly after this meeting with defendants he and his father traveled to Dallas, Texas, to discuss with the M-K-T the possibility of the railroad company granting to the defendants a long-term lease covering the area of the encroachment by the warehouse.

W. W. Renfro, an officer of the M-K-T, testified that he met with the Loefflers in April, 1961, and that from this conference, he recommended to the management of the M-K-T that defendants be granted a long-term lease on the encroached area. This lease was eventually approved by the railroad, and Renfro stated that it was his opinion that the approval would not have been given without the intervention by the Loefflers.

It is not disputed that a long-term lease of forty years, including renewal options, covering the encroached area was executed by M-K-T in favor of defendants and that defendants accepted and continued to hold under it.

Both defendants denied that they had agreed at any time to accept a lease for the life of the building in lieu of title to the encroached area. However, the execution of the forty-year lease was admitted.

At the conclusion of trial, the trial court submitted a special question to the jury requesting their finding whether an oral agreement was entered into between plaintiff and defendants by which defendants agreed to accept a forty-year lease and to forego the written requirement contained in the December, 1960, contract that plaintiff acquire title to the encroached area or suffer a $6,000.00 reduction in the amount of the second mortgage. The jury found that such an oral agreement did exist and returned a verdict for plaintiff. From the judgment entered on this verdict and an order overruling their motion for new trial, defendants perfected this appeal.

As noted above, the sole question presented herein is whether a written contract within the statute of frauds, supra, can be amended or modified by a subsequent oral agreement.

Section 237, 15 O.S.1961, provides:

"A contract in writing may be altered by a contract in writing, *or by an executed oral agreement,* and not otherwise." (Emphasis added).

In the instant case, the alleged oral agreement was that defendants would accept a forty-year lease on the encroached area in lieu of the written contractual requirement of fee simple title if such lease could be obtained by plaintiff from the M-K-T. The evidence establishes that two of plaintiff's officers prevailed upon the railroad to grant such a lease. This lease was executed by defendants shortly thereafter.

The evidence submitted below tends to support the jury's finding, which is implicit from the court's instructions and the special question submitted to them, that the alleged oral agreement modifying the previous written contract was an executed one. The only part of such oral agreement remaining to be performed was the payment of money, which the promise to do is not required by the statute of frauds to be in writing. Taylor v. Walker, 112 Okl. 75, 239 P. 601; Logan v. Brown, 20 Okl. 334, 95 P. 441, 20 L.R.A.,N.S., 298.

Defendants rely upon Bonicamp v. Starbuck, 25 Okl. 483, 106 P. 839, L.R.A.1917B, 141, wherein this Court held that a *written agreement within the statute of* of frauds could not be modified by a subsequent oral agreement. However, in Bonicamp, there was no contention that the alleged oral agreement was an executed one, and the Court noted that the record therein failed to establish even a partial performance of such agreement.

Judgment is hereby rendered against the surety on the supersedeas bond, the Aetna Casualty and Surety Company, a corporation, for the amount adjudged by the trial

court, together with interest, attorneys' fees and costs but not to exceed the penal sum of the bond. This judgment shall be enforced in the trial court as though therein rendered.

For the reasons stated above, the judgment of the trial court is affirmed.

All the Justices concur.