## BAUGHMAN v. HEBARD.

No. 7480—Opinion Filed May 22, 1917.

(166 Pac. 88.)

**1. Partnership—Right of Parties.**

One general partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of affairs of the partnership by discharging its liabilities, collecting its assets, and definitely ascertaining the surplus to a share of which he is entitled, and until this is done the partner's only remedy is to apply to a court of equity for an accounting and ascertainment of such balance.

**2. Equity — Retention of Jurisdiction — Authority of Courts—Settlement of Partnership Affairs.**

Under the law and the evidence here the plaintiff was not entitled to maintain this suit, to recover a definite sum, as a settlement of the partnership affairs had never been had against his partner, but, inasmuch as the defendant below in his pleadings sought the aid of a court of equity to make a settlement of the partnership affairs, and the trial court, by consent of the parties hereto, treated the same as a proceeding in equity for that purpose, the court had jurisdiction and should have settled the partnership by ordering its liabilities discharged, collecting its assets, and ascertaining the plus and ordering a division of its property or proceeds.

**3. Same—Submission to Jury.**

The trial court had the right to submit any question of fact to a jury upon which he desired the aid of the jury, and the finding of the jury was only advisory, and here the trial court adopted the finding of the jury as to the date of the formation of the partnership, and the evidence supports the same, hence that fact may be treated as settled here.

**4. Partnership—Actions—Judgment.**

The judgment here is not supported by the evidence, and no attempt made to settle the partnership affairs, hence this cause is re-

versed and remanded for that purpose, with directions to the trial court to accept the date of the formation of the partnership as found by the jury and trial court.

(Syllabus by Hooker, C.)

Error from Superior Court, Custer County; J. W. Lawter, Judge.

Action by Chas. T. Hebard against A. H. Baughman. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded.

T. W. Jones, Jr., for plaintiff in error.

Darnell & Darnell, for defendant in error.

Opinion by HOOKER, C. Chas. T. Hebard sued A. H. Baughman in the court below to recover a judgment for a definite sum of money alleged to be due him upon the final settlement of the partnership relation theretofore existing between them. It was claimed in the petition here that the parties had made a settlement of the partnership affairs, and had definitely agreed as to the amount of money due the defendant in error and to recover which a judgment was sought in this action. The answer of the plaintiff in error admitted the partnership relation, but denied that there had been a settlement of the partnership affairs, and especially denied that any money was due the defendant in error from the plaintiff in error or from the partnership business. And the answer of the plaintiff in error prayed that an accounting be had of the partnership affairs between the plaintiff and defendant, and that the debts of the partnership be ordered paid and the property of the partnership be divided as appeared just and equitable to the court, and at the beginning of the trial in the court below the plaintiff in error objected to the submission of the case to a jury for the reason that it involved a partnership accounting, and being a case which it was impossible on account of the multiplicity of the accounts for a jury to properly adjust the equities between the parties.

It appears from an examination of the record before us that one of the issues involved in this case was the date of the formation of the partnership; the defendant in error contending that the partnership was formed in 1912, and the plaintiff in error asserting it was formed in 1911. This was an important issue in the case, inasmuch as some work performed between these dates involved a loss instead of a profit. And the trial court submitted this issue to the jury in order that this question of fact might be determined so that a settlement of the partnership affairs might be had. No other question was submitted to the jury, and the jury,

after hearing the evidence, agreed with the defendant in error that the partnership was not formed until 1912. The trial court after hearing the evidence also reached the same conclusion. The verdict of the jury, however, was only advisory to the court, and no error can be predicated here upon the submission of this question to the jury. The date of the formation of this partnership, as found by the jury and as found by the court, may be treated as an accepted fact in this case. The same is supported by the evidence, and in our determination we will treat this question as settled.

Throughout this entire record the plaintiff in error treated this case as a partnership accounting, and we find that in his motion to vacate and set aside the special finding of the jury, the fifth ground thereof is as follows:

"The defendant now asks the court to take the exhibits, cause the testimony to be transscribed, and consider the same without a jury as a suit in accounting in settlement of partnership affairs, and render such judgment and make such findings as to him may seem just and proper under the pleadings and evidence, and to make such findings and render such judgment notwithstanding the verdict and special findings of the jury."

And the sixth ground thereof was:

"That the court take such exhibits and such evidence and find therefrom that the partnership between the plaintiff and the defendant began in the early part of the month of November, 1911, and not in the month of October, 1912."

After the jury returned its verdict here, finding the date of this partnership, the court took this cause under advisement for more than 30 days, and on the 2d day of January, 1915, rendered a judgment in this action to the effect that the partnership existing between these parties commenced at the making of the Rock Island contract, and that since that time the plaintiff in error had withdrawn from the partnership the sum of $739.76 in excess of the amount withdrawn by the defendant in error, and that therefore there was the sum of $739.76 due to the defendant in error, and adjudged that the defendant in error have a judgment against the plaintiff in error for said sum. And further ordering that an execution issue here commanding the sheriff to sell the partnership property and to pay to the defendant in error the amount of money then in the hands of the sheriff, but nowhere does he order or direct that the partnership be closed, the partnership affairs settled, the debts be paid, or a partnership accounting be had.

The plaintiff in error has appealed here for a reversal of this cause, contending: First, that the court committed an error in submitting this cause to the jury. This contention is not tenable, for the trial court had the right to submit any question to the jury upon which aid of jury was desired by him. No special instructions were necessary, nor was he bound to follow the judgment of the jury. Second, it was contended by the plaintiff in error that the action of the defendant in error cannot be sustained for the reason that the evidence discloses that there had never been a settlement of the partnership affairs, and that an action cannot be maintained by one partner against another until this has been, and it is definitely understood and known how much is due the one from the other. In view of the attitude of the plaintiff in error in the trial of the court below, the many requests for a partnership accounting, and the effort of the court to try the case in the manner requested by him, it would seem that he is not in a position to complain of the action of the court in attempting to adjust the accounts between these partners. Third, it is further contended that the trial court committed an error in allowing the defendant in error to introduce evidence seeking to explain certain things after the case had been closed but before the court made his findings of fact and his conclusions of law. This matter was discretionary with the trial court, and in view of the record here the same was not an abuse of discretion. Fourth, it is asserted that the judgment of the court is contrary to the evidence and the law, etc. This presents a more serious question. How the trial court arrived at this judgment we are at a loss to understand. No finding of fact is made as to the profits and loss of this partnership. The trial court persistently refused to permit, in our judgment, competent evidence to be introduced here which would explain the book transactions of this partnership, which were crudely kept and in such a condition that without explanation they are incapable of understanding. In its judgment here the court only finds that one partner has withdrawn more money from the partnership than the other, and thereupon renders a judgment in favor of the one who had withdrawn the smaller amount against the other. How he arrived at this conclusion we cannot understand from this evidence, and a studied examination of the accounts here does not enable us to reach such a conclusion. The error of the judgment rendered here is apparent, for the defendant in error would only be entitled to one-half of the excess, and not to a judgment at all.

This court in the case of Cobb v. Martin, 32 Okla. 596, 123 Pac. 422, in a well-considered opinion by then Commissioner Sharp, now Mr. Chief Justice Sharp, says:

"It is elementary that one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, definitely ascertaining the surplus, to a share of which he is entitled. Up to that time a partner's only remedy is to apply to a court of equity for an accounting and ascertainment of such balance. * * * The fact, therefore, that the estate of Edward Martin has brought this action, without reference to the former alleged existence of the partnership, does not prevent the defendant, Cobb, from setting up such partnership, and that the proceeds of the note sued on became the assets of the partnership, and that therefore the transaction was a partnership transaction. * * * The fact that the partnership, if one existed, had been dissolved by the death of Edward Martin did not thereby authorize the estate to sue, in an action at law, until after a settlement of the partnership affairs. If such settlement could not be had, then an action in equity for an accounting would be the only remedy that could properly be invoked."

The examination of the record before us did not justify the plaintiff below in maintaining his action, but inasmuch as the defendant below sought a settlement of the partnership, and the case was tried upon that theory in the court below, we must hold that the trial court properly entertained jurisdiction of this cause for the purpose of rendering a settlement between these parties. While this court in a case of this character has the right to take this evidence and adjust the equities between the parties, yet in the state of this record we do not feel justified in doing so, for the same is so incomplete we are fearful we might do an injustice here.

It appears that the debts of this partnership have not been settled, and one partner is not entitled to a judgment against another until the debts of the partnership have been paid. It is an admitted fact here that some of these debts have not been paid and others are disputed. This must be determined before settlement can be had between the parties. The profits and loss of this partnership should be taken into account, its debts paid, the property disposed of, and a settlement had in the manner provided by law, which is not done by the judgment of the trial court here.

This cause is therefore reversed, with directions to the trial court to accept the verdict of the jury and the findings of the court as to the date of this partnership, and to settle the partnership affairs as indicated

above. The judgment of the lower court is therefore reversed, and this cause remanded.

By the Court: It is so ordered.