## LAVERY et al. v. GARDNER.

No. 15702—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 2, 1926.

1. **Partnership — Right of Parties to Sue Inter Sese.**

One partner cannot maintain an action at law against another for damages growing out of partnership transactions until there has been a final settlement of the partnership affairs by discharging its liabilities, collecting its assets, and ascertaining the surplus, either by mutual agreement or by court action in equity.

2. **Same—Pleading Showing Unsettled Equities—Insufficiency.**

The cross-petition of defendant for damages at law against plaintiff, based on alleged violation by plaintiff of the confidential partnership relation between them, and showing on its face that there are equities unsettled between the alleged partners with respect to the claim made against plaintiff, and other equities involving the rights of third parties, does not state a cause of action under syllabus, 1, supra.

3. **Frauds, Statute Of — Executory Oral Contract to Purchase Oil Lease Unenforceable.**

The breach of an executory oral contract for the purchase of an oil and gas mining lease, being unenforceable under the statute of frauds, cannot give rise to an action for damages.

4. **Same—Breach of Contract — Damnum Absque Injuria.**

L. and F. were alleged to have had an executory agreement with the owners for the purchase of an interest in an oil and gas mining lease. They were alleged mining partners with G. Assume that G., through knowledge gained from such partnership relation, went around L. and F., his partners, and procured such lease for himself. Held, assuming that G.'s wrong was a violation of such confidential relation, the same was not actionable in behalf of L. and F. at law, since such wrong on the part of G. was not the proximate cause of any actionable damages to L. and F., but was, at most, only damnum absque injuria.

5. **Same—Judgment Sustained.**

There is a total failure of the cross-petition of defendants to allege matters essential to relief sought, and the judgment is affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by J. K. Gardner against G. W. Lavery et al. Judgment for plaintiff, and defendants appeal. Affirmed.

Daniel P. Farrell and Wellington L. Merwine, for plaintiffs in error.

Fred M. Carter and C. M. Gordon, for defendant in error.

Opinion by ESTES, C. J. K. Gardner, defendant in error, had judgment against G. W. Lavery and D. P. Farrell for $750 dry hole money, under a written contract between the parties pertaining to the drilling of an oil and gas well in a certain section 23. Defendants admitted that they owed the plaintiff said sum, but sought to offset same, under their cross-petition, alleging, for the most part, by way of conclusions, that the parties sustained confidential business relations among themselves and were engaged in joint ventures and mining partnerships in drilling oil and gas wells and in operating leases for producing oil and gas; that, prior to the performance of the contract sued upon by plaintiff, defendants and one Dietrick and one Phillips had an oral agreement with the owner of an oil and gas lease on a certain portion of a certain section 8, and other lands, whereby such owners agreed to give defendants and said others an undivided one-half interest in the oil and

gas lease on 140 acres thereof and furnish gas for drilling, provided defendants and said Dietrick and Phillips would drill, or cause to be drilled, an oil and gas well on a certain portion of said section 8; that, in order to carry out such oral agreement, defendants and their associates entered into an oral agreement with plaintiff, Gardner, whereby the latter agreed to drill such oil well for an undivided one-half interest in the oil and gas lease on 80 acres thereof; that defendants, by said transactions in procuring such leases and drilling contract with the plaintiff were gaining for themselves a one-half interest in the leases on 60 acres; that plaintiff, in violation of, and by the information obtained through his confidential relations with defendants, went around defendants and procured from the owners of such leases, with whom defendants had made such oral agreement so as aforesaid, an undivided one-half interest in such 140 acres on the agreement with him, the plaintiff, to drill such well, and accordingly it was done; that thereby defendants lost their undivided one-half interest in such 60 acres thereof—the profit defendants would have made in the transaction—of the value of and to their damage in the sum of $4,000, for which amount they sought judgment back against plaintiff. Plaintiff replied and answered such cross-petition by general denial. Demurrer to such cross-petition and motion of plaintiff for judgment on the pleadings had been overruled. The court sustained an objection to the introduction of evidence by defendants to support such cross-petition on the ground that same did not state a cause of action against plaintiff. Defendants made offer of proof in support of their cross-petition and otherwise saved the record. Electing to stand on their cross-petition, judgment was rendered against defendants for the amount of said dry hole money. The sole question presented here is, Did the court thus err? Such objection to the introduction of evidence operated as a demurrer to the cross-petition. It is well settled that thereby plaintiff admitted all matters of said cross-petition well pleaded, and all reasonable inferences deducible therefrom.

1, 2. First State Bank of Texola v. Terrell, 44 Okla. 719, 145 Pac. 1140, holds that such objection to the introduction of evidence is not favored by the court and should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought. If defendants were mining partners with plaintiff, as alleged, they could not maintain this action at law, under their cross-petition against their partner, the plaintiff, being a law action for damages, growing out of the partnership transactions, until there had been first a final settlement among the partners discharging the liabilities, collecting the assets, and definitely ascertaining the surplus, if any there remained —an action in equity for accounting. Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422; Baughman v. Hebard, 65 Okla. 208, 166 Pac. 88. If it were conceded that the partnership was closed, that there were no debts and that the payment for the land was the only question involved, this action at law against plaintiff would lie without such accounting. Smith et ux. v. Felkel, 91 Okla. 184, 217 Pac. 196. The cross-petition of said defendants shows on its face that defendants Lavery and Farrell claimed 60 acres out of the 140 acres as their individual profit against their only partner, the plaintiff; that Dietrick and Phillips, not members of the alleged partnership, had some interest in such profits and in the alleged partnership transaction. These allegations of said cross-petition show that equities were to be adjusted among the partners and as to Dietrick and Phillips; that there ought to have been, and, under the general rule, that it was necessary first that there be an accounting and determination of the interests of said defendants in their alleged claim against plaintiff.

3, 4. Defendants contend the action set forth in their cross-petition is not bottomed on partnership, and therefore no accounting is prerequisite; that it arises ex delicto from a violation by plaintiff of the confidential partnership relations with defendants, in that he took advantage and profited, so as aforesaid, by the information thus gained. Assuming that plaintiff violated confidential relations, he is not answerable therefor in damages unless his conduct was the proximate cause of damages to his partners, the defendants. It is fundamental and statutory that compensation is the redress and object of the law of damages when not otherwise provided. Were defendants damaged? They say they and said other two had an agreement to acquire an undivided one-half interest in a lease on 140 acres of land in said section 8 in consideration of drilling a well thereon, and that they had orally agreed with plaintiff to drill such well thereon for a one-half interest in the lease on 80 acres thereof. Both agreements were both executory and oral. An executory contract for the sale of an oil and gas mining lease for more than one year is invalid unless

such contract, or some note or memorandum thereof, be in writing subscribed by the party to be charged, or by his agent. Woodworth et al. v. Franklin, 85 Okla. 27, 204 Pac. 452. Such lease and the assignment thereof, and an executory contract for sale thereof, are all required to be in writing under our statute of frauds pertaining to conveyances and agreements for leasing or sale of real estate. Id.; Nicholson Corp. v. Ferguson et al., 114 Okla. ___, 243 Pac. 195.

It is held in Farmers' State Bank et al. v. Cox, 41 Okla. 672, 139 Pac. 953:

"A contract for the purchase or sale of real estate, not being in writing, comes within the statute of frauds, and cannot be enforced, nor can damages arising from a breach thereof be recovered." McConnell et al. v. Wallace, 92 Okla. 174, 218 Pac. 672; Hyde v. City of Altus, 92 Okla. 170, 218 Pac. 1081; Lowerre et al. v. Lucas et al., 98 Okla. 113, 224 Pac. 336.

No damage or obligation can be predicated upon the breach by either party of such contract. If the petition so shows, it is demurrable. As stated in Lowerre et al. v. Lucas et al., supra:

"It is also well settled that where the petition itself shows on its face a violation of the statute of frauds, it is subject to demurrer. Crabtree v. Eufaula Cotton Seed Oil Co., 32 Okla. 465, 122 Pac. 664."

It thus appears from said cross-petition that defendants suffered no damages that are actionable, granting that their cause of action is predicated, ex delicto, on such breach of confidential relations as alleged. Plaintiff's alleged misconduct resulted in damnum absque injuria.

We deem it unnecessary to consider other reasons urged by plaintiff why the court did not thus err. Under no theory does the cross-petition state a cause of action against the plaintiff. There is a total failure to allege matters essential to the relief sought. Let the judgment be affirmed.

Proper application having been made for judgment on the supersedeas bond of plaintiff in error, it is considered that such judgment ought to be awarded. It is therefore ordered and adjudged that plaintiff, J. K. Gardner, do have and recover of and from Gus Forbes and Dwight Richardson, sureties on the supersedeas bond of plaintiff in error herein, the sum of $825, together with interest thereon from the date of the judgment, and for all costs, for all of which let execution issue.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. p. 461; anno. 28 L. R. A. 98; L. R. A. 1918F, 1125; 21 A. L. R. 21; 20 R. C. L. 924; 4 R. C. L. Supp. p. 1384; 5 R. C. L. Supp. p. 1132. (2) 30 Cyc. p. 474 (Anno). (3) 27 C. J. p. 314, §399. (4) 17 C. J. p. 733, §69. (5) C. J. p. 1129, §3122.