## ANDERSON v. WHITENER.

No. 16926. Opinion Filed July 26, 1927.

Rehearing Denied Nov. 15, 1927.

(Syllabus.)

1. **Partnership — Dissolution — Action Against Copartner for Contribution to Loss—Parties.**

Where A., O., and W. engage in a partnership venture and the partnership is dissolved, the partnership affairs wound up, and a loss results, and O. and W. liquidate such loss, and O. then assigns to W. all his right, title, and interest in and to whatever claim or cause of action he might have against A. by reason of having joined with W. in the payment of such loss, W. may maintain an action against A. to recover one-third of such loss without making O. a party to the suit.

2. **Same—Formal Accounting Unnecessary Where Single Business Venture.**

Where a partnership involving a single business venture is dissolved, the partnership assets disposed of and all partnership debts paid, one partner to such partnership agreement may maintain an action against his copartner to recover from such copartner his pro rata share of the loss resulting from such venture without the necessity of a formal accounting in equity.

3. **Partnership—Consideration for Contract of Partnership.**

The consideration of the contract of partnership consists in the mutual covenants and promises of the copartners.

4. **Appeal and Error—Necessity for Objections Below—Secondary Evidence.**

Where, at the trial of a case, secondary evidence is admitted without objection, the party against whom such evidence was admitted will not be heard to complain, for the first time in this court, that the best evidence was not produced.

5. **Trial—Requisite Conditions for Directed Verdict.**

It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff that the court is authorized to direct a verdict for the defendant; and, unless the conclusion follows, as a matter of law, that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions.

6. **Trial—Instructions — Refusal of Requested Instructions Where Covered in Charge.**

It is not error for the court to refuse requested instructions where the same propositions are covered by the instructions given, and which, taken as a whole, fairly submit to the jury the law applicable to the case.

7. **Instructions Approved.**

For instructions held to correctly state the law applicable to the facts in this case, see opinion.

Commissioners' Opinion, Divison No. 2.

Error from District Court, Oklahoma County; Lucius Babcock, Judge.

Action by W. A. Whitener against H. L. Anderson. Judgment for plaintiff, and defendant brings error. Affirmed.

Walter E. Latimer, for plaintiff in error.

Rainey, Flynn, Green & Anderson and Calvin Jones, for defendant in error.

HERR, C. The plaintiff in error herein will be referred to as the defendant, and the defendant in error as plaintiff, as the parties stood in the trial court.

This controversy arises out of a partnership venture. On the 25th day of May, 1920, the plaintiff, defendant, and Neely Orme entered into a partnership for the purpose of buying and selling cotton in the vicinity of

Hugo, Okla. The said partnership continued for a period of 15 days, and the only business transacted by said partnership consisted of a purchase and sale of 107 bales of cotton. Upon the final disposition and sale of said cotton, it was ascertained that there was a loss to the said firm in the handling of said cotton in the sum of $9,828.34. The plaintiff files this action against the defendant to recover from said defendant his proportionate share of said loss.

Numerous motions and demurrers were filed to plaintiff's pleadings in the court below, the plaintiff finally standing on his third amended petition, in which he alleges that on the 25th day of May, 1920, a partnership was formed between the parties above mentioned, for the purpose of buying and selling cotton in the vicinity of Hugo, Okla.; that said partnership purchased from the Johnson Gin Company, in one lot, 107 bales of cotton, agreeing to pay therefor the sum of $14,200; that said transaction was financed by a bank at Paris, Tex., which bank advanced the money for said purchase; that the said partnership continued for 15 days, at which time there was a dissolution of said partnership, the defendant withdrawing therefrom, and at which time it was orally understood between the plaintiff and the said defendant and Neely Orme that the said plaintiff and Neely Orme should handle and dispose of the 107 bales of cotton in the manner and according to their best judgment, and the said defendant would share his proportionate part of the profits or bear his proportionate share of the losses resulting from such transaction.

Plaintiff further alleges that the said partnership never had any other transactions or assets or property of any kind, and never had any obligations or debts except the debt to the bank at Paris, Tex.; that pursuant to the said understanding and agreement the said plaintiff and Neely Orme disposed of the said cotton to the best advantage possible and according to their best judgment, and upon the final sale and disposition of said cotton there was a loss in the sum of $9,828.34.

It is further alleged that the said defendant Anderson contributed $1,000 towards the purchase of said cotton, and that on the first day of January, 1923, Neely Orme, one of said partners, assigned and transferred to the said plaintiff all of his right, title, and interest in and to his claim and cause of action against the said defendant growing out of said partnership transaction, and plaintiff prays judgment against defendant

for the sum of $2,276.11 with interest at the rate of 6 per cent. from the 1st day of June, 1921.

To this third amended petition, the defendant demurred, said demurrer being overruled, and defendant filed his answer, and, after denying the existence of the partnership, alleges:

(1) That the suit should abate and be dismissed because no partnership accounting was had and the suit was, therefore, prematurely brought.

(2) That the suit should abate and be dismissed for the reason that Neely Orme was not made a party to the suit.

Defendant, in his answer, alleges that he was induced to enter into the agreement with the said plaintiff and Neely Orme for the purchase of said 107 bales of cotton because of false and fraudulent representations made to him by the said plaintiff and Neely Orme. He alleges that it was represented to him that said 107 bales of cotton were equal to the grade of 400 bales of cotton sold by Neely Orme & Company to Shaw & Company, of Boston, Mass.; that the said cotton was not of the same grade as said 400 bales of cotton.

Defendant further alleges that the plaintiff and Neely Orme immediately thereafter conspired together to cheat and defraud the defendant out of the profits arising from the sale of said cotton; that the said cotton was sold for a profit in 1920, and that the plaintiff and said Neely Orme concealed said fact from him, and insisted, at all times, that said cotton had not been sold. Numerous other allegations of fraud were set forth by the defendant, in his answer, relative to the handling of the said 107 bales of cotton; and he further alleges that he bought the said 107 bales of cotton from the plaintiff and Neely Orme, agreeing to pay therefor the sum of $7,000, and that the said plaintiff and Neely Orme failed and refused to deliver said cotton to him after said purchase, and that by reason thereof he is not liable to plaintiff.

Defendant files a counterclaim against plaintiff, alleging that the $1,000 paid by him to the said plaintiff and Neely Orme, in said transaction, was so paid because of false and fraudulent representations on the part of the plaintiff, and further alleges that he was damaged in the sum of $1,500 by the failure and refusal on the part of the plaintiff and Neely Orme to deliver said cotton to him, and prays for judgment on his counterclaim against the plaintiff in the

sum of $2,500 together with interest at 6 per cent. from the — day of May, 1920.

At the trial in the lower court, plaintiff recovered judgment against the defendant, and defendant appeals to this court. Counsel for plaintiff in error assign 33 specifications of error. The 2nd, 3rd, 4th, 5th, 6th, and 7th specifications challenge, by different methods, the sufficiency of the plaintiff's petition.

It is contended that Neely Orme, having been one of the partners of Neely Orme & Company, should have been made a party to the suit, and that the plaintiff could not maintain this action without joining the said Orme either as a party plaintiff or defendant. The record discloses that the said Orme, prior to the filing of this suit by the plaintiff, assigned all his right, title and interest in and to whatever claim he may have had against the defendant Anderson to the plaintiff herein. This assignment is pleaded in plaintiff's petition. We are of the opinion that this claim is assignable, and that, after having received said assignment, plaintiff had a legal right to prosecute this action without making the said Orme a party to the suit.

Counsel further contends that plaintiff could not sue in assumpsit without first having had an accounting between the partners in a court of equity, and cites the case of Cobb v. Martin, 32 Okla. 488, 123 Pac. 422, and other cases, which announce the following rule:

"It is elementary that one partner cannot maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the concern by discharging its liabilities, collecting its assets, definitely ascertaining the surplus, to share of which he is entitled. Up to that time, a partner's only remedy is to apply to a court of equity for an accounting and ascertainment of such balance. Bates on Partnership, 849, 852, et seq.; Story's Eq. Jur. par. 683; Pomeroy's Eq. Jur. par. 1421; Tiedeman on Eq. Jur. par. 534."

This is, no doubt, the general rule, but this rule has its exceptions as well defined as the rule itself. It is generally held that one partner to a single venture, after the partnership has been mutually dissolved the partnership assets disposed of, the debts of the partnership paid, and all the partnership affairs settled, except only an accounting between the partners, may bring an action at law against his copartners for his share of the profits, or to recover from his copartners their proportionate share of the losses without the necessity of a final accounting by a court of equity.

It will be observed that the petition alleges, and the evidence discloses, that this partnership was formed between the partners on the 25th day of May, 1920, and lasted for 15 days, at which time defendant Anderson withdrew therefrom. Said partnership consisted of plaintiff, defendant, and Neely Orme. The only business transaction by said partnership consisted of the purchase and sale of 107 bales of cotton. All of said cotton was purchased from the Johnson Gin Company and consisted of only one purchase. As before stated, said partnership lasted for a period of 15 days, at which time defendant withdrew, and it was agreed and stipulated by and between the partners that the plaintiff and Orme should handle the sale and disposition of said cotton according to their best judgment, and in case of a profit the defendant was to share one-third thereof and in case of a loss he was to bear one-third thereof.

It is further alleged in the petition and established by the evidence, that in pursuance of said agreement the said Neely Orme and the said plaintiff did sell and dispose of said cotton, and that a loss resulted to said partnership in the sum of $9,828.34.

It is further alleged and established by the evidence, that the partnership had no assets other than the said 107 bales of cotton; that at the time of the purchase of said cotton, neither member of the firm advanced any cash, but that the money to finance said transaction was borrowed from a bank at Paris, Tex. No other indebtedness existed against the said partnership. Under the agreement between the partners, as above set forth, the plaintiff and Orme disposed of said cotton, paid the bank and all other incidental expenses connected with the said sale, wound up the partnership business, and suffered a loss to the partnership as above set forth.

It is alleged and established by the evidence that said cotton was sold at the times and in quantities and at prices as follows:

June 25, 1920, 1 bale to T. A. Johnson for _____ $259 60

August 24, 1920, 26 bales to P. K. Wallace for _____ $2,682.00

August 13, 1921, 1 bale to Bell. Shaw Co. for _____ $29.15

June 1, 1921, 3 bales to H. Seay & Co. for _____ $122 80

June 30, 1921, 4 bales to Traverse-
tine & Co. for _____ $178.36

May 10, 1921, 35 bales to Paul J.
Haynes for _____ $864.73

March 2, 1921, 14 bales to C. L.
Webb for _____ $272.10

December 24, 1921, 23 bales to H.
Seay & Co. for _____ $887.73

Under this state of facts, we are of the opinion that this case comes within the exception to the general rule, and that plaintiff can maintain this action without first resorting to a court of equity for an accounting, and the trial court did not err in so holding.

In 20 R. C. L. sec. 151, p. 933, the rule is as follows:

"While the ordinary rule is that one partner cannot maintain assumpsit for moneys received by his copartner, but must resort to equity for an accounting, or to an action of account render, a well established exception to this rule permits a suit in assumpsit in reference to a single transaction of a partnership. Thus, a partner's share of a single item of partnership profits, the result of a single transaction, may be recovered by an action at law of a copartner if all the other partnership dealings are settled between the partners, and the same is true where a partnership exists for a single venture or a special purpose. In such cases it is not necessary to require the parties to resort to accounting proceedings." (Emphasis ours.)

In the case of Clark v. Mills, 13 Pac. 569, the Supreme Court of Kansas said:

"Where the dealings between two partners embrace but a few items, and there are no such transactions as to make a settlement difficult, and all the partnership affairs are settled, except only an accounting between them, the claim of one partner against the other for money is such a one that the remedy at law for contribution is admissible."

In this case the partners entered into a partnership for the purpose of dealing in sheep. They bought two flocks of sheep, paying for one the sum of $4,600 and for the other the sum of $600. Money to finance the deal was borrowed of the bank. They sold from said sheep, at different times, as follows: $2,300 at one time, $980.75 at another, $192 at another, and $1,240 at another, and at a different time they received $1,000 for wool. The plaintiff in that case was business manager and kept all the books and accounts, and had the care and control of the sheep. The sheep were all sold and a loss resulted, and a suit was brought by one partner to recover from the other

his proportionate share of the loss. The court held the suit could be maintained without first resorting to a court of equity for an accounting. The facts in the above case are parallel with the facts in this case.

The above case was followed by the Supreme Court of Kansas in the case of Frith v. Thomson, 173 Pac. 915. The court, in discussing the case, at page 916, used the following language:

"Here there was but a single adventure; there was no complexity of accounts; no difficulty for a jury to understand and determine the questions involved; the relationship had been terminated; and hence there was no occasion for employing the methods of investigation peculiar to courts of equity."

In the case of Reiser v. Johnston, 65 Okla. 307, 166 Pac. 723, it is said by this court:

"One partner to a partnership agreement involving a single transaction may maintain an action against his copartner for his share of the profits, or to recover from his copartners his pro rata share of the losses without the necessity of a formal accounting by a court of equity."

See, also, Jepsen v. Beck (Cal) 21 Pac. 184; Ledford v. Emerson, 4 L. R. A. (N. S.) 130; Price v. Drew, 18 Fla. 670; Warring v. Hill, 89 Ind. 497; Wheeler v. Arnold, 30 Mich. 304.

In his eighth and ninth specifications, counsel alleges as error the action of the court in overruling his demurrer to the evidence and motion for a directed verdict. There was ample evidence to take the case to the jury, and the court did not err in this regard.

In his tenth and eleventh assignments of error, counsel excepts to charges Nos. 5 and 8, given the jury, said charges being as follows:

"5. You are instructed, gentlemen of the jury, that if you find from the evidence that these men agreed to become partners, either in the cotton business, generally, or for the single transaction of the purchase and sale of this one lot of 107 bales of cotton, that after the sale to the Boston buyer fell through, it was agreed that Whitener and Orme should use their best efforts to sell the cotton; that they, in good faith, in the exercise of their best judgment, sold the cotton as they deemed most advantageous to the partnership, and a loss was suffered, then you should return a verdict for the plaintiff and against the defendant for one-third of that loss.

"If, on the other hand, you fail to find from the evidence that a partnership existed, or, if you find that a partnership existed,

but that Whitener and Orme did not act in good faith in disposing of the cotton, and used its sale to their own individual advantage at the expense of the partnership, that they did not do what they should have done, under their agreement, to get the best price for the cotton, and that this was responsible for the loss suffered, then you should return a verdict for the defendant.'"

"8. The jury are further instructed that every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner. In the absence of an agreement to the contrary, every partner is entitled to take part in the management of its business, and in case of a difference of opinion as to such management, the majority governs."

We think these instructions clearly state the law. They should be construed as a whole. Instruction No. 8 should be read in connection with No. 9, which is as follows:

"9. You are further instructed, however, that if any part of the business is turned over to one or more of the partners, he or they must act with the utmost good faith in the transaction of the affairs entrusted to such partner or partners, and in all his acts, he must act for the mutual benefit of all the partners and will not be permitted to take to himself any personal advantage to the detriment of the partnership affairs or property."

Reading these instructions together, the jury could not possibly have been misled by instruction No. 8, if in fact instruction No. 8 was not applicable to the issues in the case, as contended by counsel.

In his 12th assignment, counsel alleges as error the action of the court in his charge to the jury on the question of fraud. Counsel does not point out the particular error in this instruction, of which he complains; does not brief the same, nor cite any authority.

We think the court's instruction is substantially correct. At least, if in any respect erroneous, it would not be sufficient to cause a reversal of the judgment.

In assignments 13 to 23, counsel alleges as error refusal of the court to give certain requested instructions to the jury.

In No. 13, the court was requested to instruct the jury that, if Neely Orme was a partner with Whitener and Anderson in the purchase and sale of the cotton, to find for the defendant for the reason that Orme was not a party to the action. This assignment has already been disposed of, and we hold that the court did not commit error in refusing this instruction.

In assignments 14 and 15, counsel charges as error the action of the court in refusing to charge the jury that, if the defendant Anderson did not make an agreement with Orme and Whitener, by the terms of which a benefit was conferred on him by said Orme and Whitener, to which said Anderson was not lawfully entitled, or any prejudice suffered, or to be suffered, by said Whitener and Orme, then and in that event to find for said Anderson; and that the court erred in failing to charge the jury that, if there was no consideration for said agreement to purchase said cotton, to find for the defendant.

The court, in its regular charge, in instruction No. 6, instructed the jury on all elements necessary to construe a partnership. Said instruction is as follows:

"6. The jury are instructed that a partnership is the association of two or more persons for the purpose of carrying on business together, and dividing its profits between them.

"A partnership can only exist as between the parties themselves, in pursuance of an express or implied agreement to which the minds of the parties have assented; the intention, or even belief, of one or some of the parties alone cannot create a partnership without the assent of all.

"If you find from the evidence that the plaintiff, Neely Orme, and the defendant entered into an agreement to go into the business of buying and selling cotton together and to each share in the profits of such business, such an agreement would make them partners; or, if you find that they agreed to make the single transaction of purchasing 107 bales of cotton, each to share in the burden incident to the purchase and to share equally in the profits, they then became general partners as to this single transaction, would each be entitled to share in the profits, and each be bound to bear his proportionate part of the losses."

This instruction sufficiently covers the question, and the court committed no error in refusing said requested instructions.

"The consideration of the contract of partnership consists in the mutual covenants and promises of the copartners." 30 Cyc. 358.

The remaining instructions requested by the defendant, except at requested by him in his 24th assignment, all relate to the good faith of the plaintiff and Orme in diposing of the cotton. The court fully covered this point in his general charge, and, in addition to the charges heretofore quoted, gave instruction No. 7, which is as follows:

"In all proceedings connected with the

formation, conduct, dissolution, and liquidation of a partnership, every partner is bound to act in the highest good faith towards his copartners. He may not obtain any advantage over them in the partnership affairs by the slightest concealment, misrepresentation, threat or adverse pressure of any kind."

The instructions, as a whole, were as favorable to the defendant as the law permits. It would make this opinion too lengthy to discuss each of these special requests in detail. Suffice it to say we have carefully considered and weighed these requested instructions, and hold that the court committed no error in refusing the same.

In his 24th assignment, counsel alleges as error the action of the court in refusing to instruct the jury that, if it was found that Anderson was not a partner with said Whitener and Orme in the purchase of the said cotton, and later paid the said Liberty bond on the loss sustained by the said Whitener and Orme, that this did not make said Anderson liable to said Whitener. This proposition, we think, was fully covered by the court in the general instruction.

The jury, having found that Anderson was a partner with Orme and Whitener, this requested instruction becomes immaterial, and in no event was it error on the part of the court to refuse the same.

In specifications 29 and 30, counsel contends that the court erred in permitting the plaintiff to testify from a memorandum made by him from the books and invoices of the firm concerning the sales of the cotton and prices received therefor, contending that this was hearsay and secondary evidence. This evidence was received without objection, and counsel himself finally offered this memorandum in evidence qualifying the offer; however, with the statement that it was offered for the purpose of contradicting the witness. In regard to the reception of this testimony, the state of the record is as follows:

"Q. Did you sell any cotton to Bell, Shaw & Co., Dallas? A. Yes, sir. Q. Tell the jury how much and what did you get for it? A. I sold them cotton at different times, I sold them one bale at one time. I have it in my pocket on the invoice there. Mr. Latimer: Object to the witness testifying to something he has got a record of, as the witness's mind is not clear. By the Court: Sustained. Q. You have your record there as to the cotton you sold? A. Yes, sir. Mr. Jones: Cut that other out. I thought we could shorten it by jumping some of this immaterial matter. Q. Have you got a list there of all you sold, and the price? A. Yes, sir. Q. Just start at the top of that and go on through with it? Mr. Latimer: Object to his reading from the instrument until he has qualified the witness, and the instrument is identified and offered in evidence and submitted to us. The Court: Sustained, unless the witness is qualified. Q. Mr. Whitener, you kept a list of the cotton you sold, to whom, and the number of bales and prices? A. Yes, sir. Q. You have that there now? A. Yes, sir. Q. And you also know, as a matter of your own knowledge, who you sold it to, don't you? A. Yes, sir. Q. I will ask you, then, to refresh your memory from the record there before you and tell us to whom you sold the cotton and what the price was?"

The witness then read from said memorandum each sale, the date thereof, the purchaser, the quantity sold, and the total amount received. On cross-examination, counsel developed that the witness had no personal knowledge of any of the sales except as to 26 bales. The cotton was sold by Mr. Orme, and the record of such sales was made by Mr. Orme, and the witness had no personal knowledge thereof, but, after eliciting this state of facts on cross-examination, counsel made no further objection to this testimony; made no motion to exclude the same; took no exception thereto, but, on the contrary, himself offered the memorandum in evidence with the qualifying statement, however, as above indicated.

Under this state of the record, it is our opinion that counsel cannot complain.

It will be observed, and counsel so admits in his brief, that at the time this evidence was admitted by the court, the witness had properly qualified himself, and the evidence was then properly admitted. It will also be observed that, prior to the time the witness properly qualified, an objection to the introduction of such testimony was sustained by the court.

It is our opinion that when it was determined on cross-examination that witness had no personal knowledge of the sales, and was testifying from a memorandum made by him from books, the entries in which were made by his partner Orme, and that he had no personal knowledge of these transactions, counsel, instead of offering the memorandum in evidence, should have made a motion to strike such evidence, and asked the court to instruct the jury not to consider the same. Not having done so, we are of the opinion that counsel cannot, at this time, take advantage of the admission of such testimony.

The remaining assignments of error relate to the overruling of the motion for a new trial, and requests for directed verdict in his favor raised by different methods.

Concerning the whole record, we are of the opinion that the defendant had a fair trial; that the record is free from error.

Judgment of the trial court should be affirmed.

BENNETT, DIFFENDAFFER, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. p. 692. (2) 30 Cyc. p. 716; anno. 21 A. L. R. 60; 20 R. C. L. p. 933; 3 R. C. L. Supp. p. 1112; 4 R. C. L. Supp. p. 1393; 6 R. C. L. Supp. p. 1240. (3) 30 Cyc. p. 358. (4) 3 C. J. p. 813. §730; 2 R. C. L. p. 90; 4 R. C. L. Supp. p. 80; 5 R. C. L. Supp. p. 69; 6 R. C. L. Supp. p. 66. (5) 38 Cyc. p. 1577. (6) 38 Cyc. p. 1711; 14 R. C. L. p. 752; 3 R. C. L. Supp. p. 275; 4 R. C. L. Supp. p. 916; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 829. (7) 38 Cyc. p. 1623.