## THOMAS et al. v. MATHIS.

No. 27492. Sept. 21, 1937.

Gilbreath & Crawford and Thomas P. Holt, for plaintiffs in error.

Wimbish & Wimbish, for defendant in error.

GIBSON, J. This appeal is by two partners to reverse judgment or decree in favor of the third partner for a balance due the third partner by reason of fraudulent concealment of facts when a partnership settlement was entered into. Mathis, defendant in error, testified that when the written settlement agreement was signed by him he did not know that the Thomases, father and son, his partners, had collected $6,146.85 from Seminole county in a transaction wherein they had represented to him that they had received only $4,000, and that they also concealed from him the fact that some "wheelers" had been purchased with partnership property.

The three had been in partnership for several months; then the Thomases filed suit to dissolve the partnership and for an accounting. This brought about the settlement agreement.

Plaintiffs in error urge that the settlement agreement precludes Mathis from recovering in this case. But that agreement did not settle the matters among the partners if it was induced by fraud. This fraud may be shown either in equity or at law. This, an equity case, was tried as a lawsuit before a jury. The judge, however, approved the verdict of the jury. The nature of the case does not help the plaintiffs in error. Because of the fiduciary relationship existing, Mathis was under no obligations before the settlement to discover the wrong perpetrated upon him, nor is it any defense that he may have had the means of obtaining knowledge of the matters involved.

In the case of Pomeroy v. Benton, 57 Mo. 531, the Supreme Court of Missouri stated the rule applicable here:

"* * * It is no excuse for, nor does it lie in the mouth of the defendant to aver, that plaintiff might have discovered the wrong and prevented its accomplishment, had he exercised watchfulness, because this is but equivalent to saying: 'You

trusted me, therefore I had the right to betray you'."

The Texas Court of Civil Appeals aptly puts it thus:

"Partners occupy a fiduciary relationship to each other and have the right to repose confidence in one another and to rely upon statements made relative to partnership affairs, and are not required to deal with one another at arm's length, even in a settlement of partnership affairs, and it is no answer in a suit to set aside a settlement that plaintiff had means of obtaining knowledge of matters involved." Woldert v. Pukli (Tex. Civ. App.) 221 S. W. 1112.

The general rule in actions of fraud is stated in 27 Corpus Juris, p. 46 (Fraud):

"Where the parties to the alleged fraudulent transaction do not deal upon an equal footing, as where a fiduciary relationship exists * * * the burden of proof is upon such party to establish the fitness and honesty of the transaction. While this rule is applied especially in cases of equity, it has also been held to obtain in actions at law to recover damages for fraud, and moreover, is said not to be in conflict with the general rule that the burden is upon plaintiff to make out his case by a preponderance of the evidence."

In the case of Waller v. Henderson, 135 Okla. 231, 275 P. 323, this court said:

"The law imposes upon a partner the duty of acting with the utmost good faith toward his copartner, of devoting his time and energy to the firm's business, and accounting faithfully for all firm property coming into his hands. * * * A partner is the confidential agent of his copartners in all partnership transactions. He will not be permitted to secure for himself that which it is his duty to obtain for his firm. * * *

"The rule of good faith is most especially required to be observed where one partner is trying to get rid of another."

In Anderson v. Whitener, 127 Okla. 284, 261 P. 156, this court approved this rule:

"In all proceedings connected with the formation, conduct, dissolution and liquidation of a partnership, every partner is bound to act in the highest good faith towards his copartners. He may not obtain any advantage over them in the partnership affairs by the slightest concealment, misrepresentation, threat, or adverse pressure of any kind."

Here it is undisputed that the Thomases were trying to rid themselves of Mathis. They brought suit to dissolve the firm and for an accounting. The elder Thomas was business manager, the younger assistant business manager. It was the duty of each to disclose everything in relation to the partnership. The money received from the county warrants was not deposited to the partnership account, but to the account of the elder Thomas, who insisted that this was with the consent of Mathis. The Thomases insisted that Mathis knew all about the transaction; Mathis claimed otherwise.

The Thomases attempted to account for the difference in what they received and what they turned in to the partnership account by saying that the difference was a 25 per cent. commission, or thereabouts, which Mathis agreed to let them have. They claimed, in substance, that, in addition to receiving their pro rata share of a $4,400 transaction, they were to have $1,750 which their partner agreed to let them have, and that by boosting the sale price to cover this amount their partner was not injured. Their attempts to explain how $1,750 was 25 per cent. of $4,400, or even 25 per cent. of the $6,146, were not convincing to the jury, and are not convincing here.

There was a dispute of fact as to whether there were concealments by the two retiring partners, and as to whether Mathis knew all the facts about the transactions. The jury and the court believed Mathis' version, which proved sufficient fraudulent concealments. If his story was true, under the authorities cited, he was entitled to recover all the jury allowed. No offsets were pleaded.

Plaintiffs in error complain that the court excused several jurors. But no prejudice is shown. We know of no rule that permits a party to have certain jurors. The court had a right to excuse any person who the court thought showed sufficient reason to be excused. The jury appears to have been composed of fair-minded men. This assignment of error is without merit.

Error is assigned of the court's refusal to give a requested instruction to the effect that the written agreement of partnership could be abrogated or modified by allowing the Thomases to receive compensation for their services in selling the partnership products, if done with the consent and approval of the plaintiff, Mathis. This phase of the case was fully enough covered by the court's instruction No. 5, where the court told the jury that if it found an agreement existed between the plaintiff and defendants whereby the defendants were to have the difference between the amount of the warrants and the amount

turned to the partnership, then the jury should find for the defendants. The instructions as a whole are more favorable to the defendants than they had a right to ask. The burden of proof was placed generally upon the plaintiff, whereas it might well have been placed on the defendants. See cases cited, supra.

The case is free from error, and the judgment is accordingly affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY and PHELPS, JJ., concur.