PONDER v. HAYS.

No. 29486. Nov. 12, 1940.

Rehearing Denied Dec. 10, 1940.

*107 P. 2d 1025.*

244

Garrett & Harlan, of Mangum, for plaintiff in error.

Moore & Royse, of Elk City, for defendant in error.

HURST, J. Plaintiff Hays brought this action to recover on a nonnegotiable promissory note made by defendant Ponder to one Dickson, and thereafter transferred to plaintiff. From a judgment rendered for plaintiff on a verdict in her favor, defendant appeals.

The sole question presented is whether the trial court erred in excluding certain evidence offered by defendant. The note was given in connection with a partnership dissolution. Prior to the making of the note defendant and Dickson had been partners in business, defendant owning a three-fourths interest. Dickson managed the business, and defendant gave it little or no attention. At the time defendant purchased Dickson's interest he investigated the books and records kept under Dickson's supervision, and the value of Dickson's interest was, in part at least, based on the condition of the business as reflected by the books. The note sued on was given to Dickson by defendant as a part of the purchase price for Dickson's interest. At the trial defendant, under an appropriate allegation of his answer, offered to prove that a certain cash short-age appearing on the books was in reality a conversion of such cash by Dickson during the existence of the partnership, which fact was not known to him at the time the note was given, and that Dickson concealed the fact that he had taken the money, and instructed the bookkeeper to give defendant no information, but to send defendant to him if defendant wanted further information about anything. This offer was by the trial court denied.

Plaintiff concedes that in her hands the note was subject to any defense which defendant could assert against Dickson, but contends that the fact that the books showed a shortage was sufficient to apprise defendant of the fact that Dickson had taken the money, or at least to put him on inquiry, which if pursued would have led to full knowledge.

The rule is well settled that in a settlement of the affairs of a partnership, when the partnership is to be dissolved by the purchase by one partner of the other's interest, the highest good faith and fullest disclosure is required of each partner, and that neither will be permitted to obtain any advantage over the other by misrepresentation or concealment of any fact or circumstance in connection with the affairs of the partnership. Thomas et al. v. Mathis, 181 Okla. 1, 72 P. 2d 484; Badder v. Saleeby, 131 S.C. 101, 126 S.E. 438; 20 R.C.L. 878, 879; 47 C.J. 771, 772. If defendant's claim is true, the book entries were in effect a misrepresentation in showing as a business loss sums which Dickson took for his own use. Defendant was entitled to rely on the honesty of Dickson, and his faithful discharge of his duty to make full disclosures, rather than being under duty to inquire, and if in fact he later discovered the nature of the shortages, he was entitled to claim an offset of three-fourths of such shortage on the note given in the partnership settlement. This question of fact he was entitled to submit to the jury.

Reversed for a new trial.

OSBORN, GIBSON, DAVISON, and NEFF, JJ., concur.