William Finis EWING and Van E. Ewing, Plaintiffs in Error,

v.

Francis L. OWENS, Defendant in Error.

No. 41701.

Supreme Court of Oklahoma.

Feb. 20, 1968.

Bailey & Whitlock, Norman, for plaintiffs in error.

Reynolds & Foreman, Norman, for defendant in error.

McINERNEY, Justice.

Owens (plaintiff) sought to recover judgment from two defendants named Ewing (father and son), alleging that the parties became partners in a retail furniture business as a result of their oral agreement of May 1, 1961; in accordance with this agreement, plaintiff, then a salesman in defendants' furniture store, purchased 10 per cent interest in the business for the agreed price of $5,416.57; defendants undertook to pay plaintiff's capital contribution by annually crediting his capital account in the partnership with an amount equal to one per cent of the gross annual sales of the business; defendants were to continue so to do until the purchase price has been paid in full; plaintiff's capital account should have shown, on Jan. 31, 1964, an aggregate credit of $5,416.57; plaintiff was entitled to this credit in addition to his salary of $650.00 a month which has been paid him; defendants, in breach of their agreement, failed both to annually credit plaintiff's capital account with one per cent of the annual gross sales, and to pay him 10 per cent of the profits realized after Jan. 31, 1964; on April 15, 1964, plaintiff gave defendant-son oral notice of his intention to dissolve the partnership effective July 15, 1964; he stated that the partnership agreement had been breached by the son's diversion of partnership funds for payment of personal debts; "upon a settlement [of partnership accounts] there will be due * * * [plaintiff] a sum of money in the amount of $5,416.57 or ten per cent of the assets of the partnership, whichever amount is greater." Plaintiff sought judgment for "the amount due him."

The defendants did not, by motion or otherwise, challenge either the sufficiency of this petition or plaintiff's right to the relief sought.

Defendant-father answered by general denial. By amended answer, he added that

in May 1963 he entered into an oral partnership agreement with his son; that he has contributed $25,522.52 to that partnership; and that, as of July 15, 1964, his original investment has not been withdrawn.

Defendant-son answered by alleging that in May, 1963, he entered into an oral partnership agreement with his father. By the terms of this agreement the son was to manage the business for a nominal salary. The profits were to be applied to repayment of notes signed by the father to purchase initial inventory. After these notes were discharged, the father and son were each to own 50 per cent of the business. The son further alleged that he and plaintiff orally agreed that plaintiff would receive a salary of $650 a month and a credit of one per cent of the gross annual sales of the business until the credits so accumulated would equal ten per cent of the initial net worth of the business. When all the father's notes were repaid plaintiff was to receive twenty per cent of the son's fifty percent interest in the partnership if plaintiff did not terminate his employment before the son's fifty percent interest in the partnership became vested. The son also alleged that on July 15, 1964 plaintiff voluntarily left his employment and since this occurred before the son was able to acquire an interest in the business, plaintiff had no interest in the partnership.

In summary, plaintiff sought to maintain an action at law for breach of a partnership agreement and to recover the value of his share of the partnership business, while defendants denied the existence of a partnership relation.

The case was tried to a jury.

The testimony of the parties and their witnesses supported, generally, the allegations of the petition and the answers. The exhibits introduced by plaintiff included a balance sheet of the business, dated May 1, 1961, signed by plaintiff and the two defendants; federal tax returns for the years 1961 through 1964; a business card of "Ewing's Home Furnishings", which lists Van Ewing (son) and Francis Owens as co-owners; a sales agreement dated January 31, 1964 between plaintiff and defen-

dants, described in this instrument as partners, and referred to as "buyer" and a Mr. D, seller, whereby the "partners" would purchase Mr. D's furniture business.

At the close of plaintiff's evidence defendants' demurrer was overruled; they then proceeded to produce evidence in support of their answer.

The jury was instructed according to the issues joined by the pleadings and the evidence offered in support thereof. More particularly, the jury was instructed to determine if a partnership existed and, if so, between whom; the amount plaintiff should receive, if any, upon dissolution of the partnership, this amount to be determined by the value of his interest or the return of his investment; to return a verdict for the defendants if the jury fails to find the existence of a partnership or finds the facts as alleged by the defendants; or to return a verdict for plaintiff against the son only, if they find a partnership agreement existed, but the father was not a party to it.

The above matters are set out in some detail to indicate the condition of the record being considered on appeal. This record of the proceedings controls, to a large extent, the issues properly presented here and capable of determination by this court.

There were no requested instructions and no objections to the instructions given. The jury returned a verdict against both defendants in the sum of $5,416.57. The verdict was received and accepted by the trial judge and judgment rendered thereon.

In their first proposition, defendants contend that the demurrer to the evidence should have been sustained because no accounting proceedings had been conducted and the evidence failed to show the existence of a partnership.

■ The defendants proceeded, without objection, to a trial by jury of the issues joined by the pleadings. We have no argument with the law stated in the cases cited by defendants that the issues were properly triable without a jury, but we fail to see their application here. An action between partners, generally, is one of equi-

table cognizance. One general partner cannot maintain an action at law against another partner to recover an amount claimed by him by reason of partnership transactions until there has been a final settlement of the affairs of the partnership, Cobb v. Martin, 32 Okl. 588, 123 P. 422; Lavery v. Gardner, 116 Okl. 63, 243 P. 216; Tennant v. Dodsworth, Okl., 349 P.2d 9, unless the liability attaches to a transaction arising independent of the partnership, or relates to a single venture or segregated items. Johnson v. Steward, Okl., 397 P.2d 907. And see, 21 A.L.R. 34, 58 A.L.R. 623. The question of the existence of a partnership under the disputed facts presented here may properly be submitted by the judge to a jury, Baughman v. Hebard, 65 Okl. 208, 166 P. 88, although he is not required to do so. We discussed the effect of a jury verdict in a matter of equitable cognizance in A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942. Although it does not affirmatively appear that the trial judge treated the verdict as merely advisory and rendered judgment upon his own findings and opinion, as he should have done, there is no showing here of any objection or prejudice to the defendants. The error so made will not require reversal for a complete retrial unless an examination of the entire record discloses that a miscarriage of justice has probably resulted or there was a violation of some statutory or constitutional right. We find no prejudicial error under the facts in the instant case. A. A. Murphy, Inc. v. Banfield, supra.

In proposition two, defendants contend there is insufficient evidence to determine the value of plaintiff's interest in the partnership. This contention appears to be correct. Until there has been a final settlement of the partnership's affairs (upon ascertaining the surplus, if any, after discharging liabilities and collecting its assets), and the value of a partner's share has been determined on this basis, a judgment for a definite amount cannot be rendered.

The trial court retains jurisdiction to settle the accounts and determine plain-

tiff's ten percent interest in the business. This should be done following our remand. Baughman v. Hebard, supra.

Since this case must be remanded to the trial court, it is unnecessary to consider the third proposition.

The cause is accordingly remanded to the trial court for disposition consistent with the views expressed herein.

All the Justices concur.